CUTRER, Judge.
This is a workmen’s compensation suit. Plaintiff, Frank D. Randle, Sr., instituted this suit against his employer, Robert Pospi-sil, d/b/a Pospisil Furniture Store, and Commercial Union Insurance Company, the employer’s workmen’s compensation insurer. Plaintiff seeks to recover benefits for total and permanent disability. The trial court rendered judgment in favor of defendants and dismissed the suit. From this judgment plaintiff has perfected this appeal. We affirm.
Plaintiff was a long-time employee of defendant’s whose duties were to drive a truck and deliver furniture. Plaintiff alleges that on June 30, 1978, while delivering a sofa, he experienced a sharp pain in his neck and shoulder. Plaintiff continued to work until July 6, 1978. The pain grew more intense. He went to the emergency room of a local hospital and was seen by Dr. Denzer. This physician prescribed medication and released plaintiff. Plaintiff then consulted Dr. James E. Hines on July 10, 1978. Subsequently plaintiff was seen by four physicians, including Dr. C. Babson Fresh who performed surgery to remove a disc in September 1979.
The issue on appeal is whether plaintiff incurred an accident while in the course and scope of his employment.
The testimony concerning the occurrence of an accident is highly disputed.
Plaintiff testified that he felt pain in his shoulder when he lifted a sofa that he was delivering to a Mrs. Johnson. Plaintiff’s father-in-law, who was with plaintiff when he delivered the sofa, testified that after completing the delivery, plaintiff told him that he had a pain in his shoulder. Plaintiff’s wife also stated that plaintiff had told her of the pain. Plaintiff did not mention any pain to Mrs. Johnson, the lady who received the sofa. Plaintiff stated that he reported the accident to his immediate supervisor, H. J. Vead. Vead, however, denied such a report.
*1009 Mr. Pospisil, the employer, testified that plaintiff didn’t report an accident to him until December 1978, six months after the accident. Upon receiving this information, Pospisil made out an accident report and sent same to his insurer. An examination of the history on the hospital records, when plaintiff went to the emergency room on July 6, 1978, reflects that there was no report of his shoulder and neck complaints being work related.
Dr. Hines saw plaintiff several times for treatment in July 1978. The history of the report of this physician reflects that plaintiff was complaining of shoulder and neck pain but made no reference to an accident on the job. Plaintiff’s wife, a state employee, carried group insurance. During the period between August 21,1978, and March 29, 1979, plaintiff filed ten disability claim forms with National Alliance Life Insurance Company. Each of these forms were signed by plaintiff and each contained the question: “Is this disability due to your occupation?” The answer in each of the ten forms was “No.” Dr. Hines also filled out ten forms to the same company verifying disability but in each instance Dr. Hines answered “No” to the question of whether plaintiff’s condition was due to injury arising out of plaintiff’s employment.
Dr. Douglas Gamburg examined plaintiff on November 15, 1978, in regard to social security benefits. This physician’s report makes no reference to a job related accident. The only history states that plaintiff experienced pain in the neck and shoulder in June 1978.
Dr. Rufus Craig also examined plaintiff for social security benefits on October 17, 1978. His report stated as follows:
“In 1977 he first noted the onset of pain in the upper aspect of the right shoulder which later moved into the lateral aspect of the neck and into the right upper extremity. This was made worse by rotation of the neck. After prolonged sitting his upper extremity would become numb especially in the right thumb. Because of persistence of this pain he eventually felt he could no longer work....”
Dr. D. M. Kingsley examined plaintiff April 3, 1979. He stated that plaintiff told him that he had developed a pain in the neck on July 6, 1978 while carrying a sofa. This doctor went on to say that plaintiff said that neck pains had been present for at least three years before the examination.
Dr. C. B. Fresh, the neurosurgeon who performed neck surgery on plaintiff in 1979, stated that when he first saw plaintiff on June 25,1979, plaintiff did give him a history of a job related accident occurring in June 1978.
This suit was filed March 16, 1979. We must note that there were several physicians who saw plaintiff before that date (Hines, Gamburg and Craig). Plaintiff did not report a work related accident to any of these physicians. The two physicians who gave a history of a work related accident (Kingsley and Fresh) examined plaintiff after suit was filed.
Gretchen McDavis, an insurance adjuster, interviewed plaintiff on August 24, 1978, concerning his claim for disability. This interview was taped and played for the trial court. It was transcribed into the record. This testimony reflects that plaintiff told this witness that he wasn’t hurt on the job. When asked about his arthritic condition and how long it had bothered him, he stated he had been having pains for a long, long time.
Plaintiff was drawing social security benefits based upon disability at the time of trial.
The burden of proof in compensation suits was described by the Supreme Court in Prim v. City of Shreveport, 297 So.2d 421, 422 (La.1974), as follows:
“Although procedural rules are construed liberally in favor of workmen's compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the *1010 plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff’s case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. ..."
The standard of review which we must apply to questions of fact was stated by the Supreme Court in Canter v. Koehr-ing Company, 283 So.2d 716 (La.1973), as follows:
“When there is evidence before the trier of fact, which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error....”
“Manifest error” was explained by the court in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), as follows:
"... We said the appellate court should not disturb this factual finding in absence of manifest error .... ‘Manifestly erroneous’ in its simplest terms means ‘clearly wrong.’ We said then that the appellate court should not disturb such a finding of fact unless it is clearly wrong. ...”
The evidence, taken as a whole, with a reasonable evaluation of credibility by the trial court, indicates that the decision of the trial court, that plaintiff had not proved his claim by a preponderance of the evidence, is not clearly wrong.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to the plaintiff-appellant, Frank D. Randle, Sr.
AFFIRMED.