GUIDRY, Judge.
Raymond Granger filed this suit for worker’s compensation benefits plus penalties and attorney’s fees alleging an accident and injury on the job, in the course and scope of his employment on July 25, 1980. Named as defendants are Ford, Bacon & Davis Construction Corporation, his employer at the time, and Aetna Life and Casualty Company, the employer’s insurer. After trial on the merits, the trial court rendered judgment in favor of defendants rejecting plaintiff’s demands. Plaintiff appeals.
Plaintiff was employed by Ford, Bacon & Davis as a pipefitter welder at the PPG plant in July of 1980. On July 25, 1980, plaintiff allegedly struck his head on a valve stem as he rose after completing a weld. Plaintiff reported the accident to his employer on August 4, 1980. Defendants paid weekly compensation benefits in the stipulated amount of $148.00 per week from the date of the accident until suit was filed.
Plaintiff’s only witnesses at trial were himself, his wife, his son and Dr. Edward L. Heartfield. The latter’s testimony was offered by way of deposition. The trial judge, in written reasons for judgment, determined that plaintiff had failed to prove by a preponderance of the evidence that an accident occurred. In reaching this conclusion, the trial judge pointed to the fact that *914 plaintiff’s testimony and that of his wife was discredited by impeachment and inconsistencies. In this connection, the trial court stated:
“Plaintiff testified that on July 25, 1980, he had been welding on a pipe near the ground and upon raising up struck the back of his head on a valve stem hanging down at an angle from above. On direct examination he said he was stunned for a moment but continued working. On cross examination he claimed the blow broke the skin, bled and he went to a washroom to wash the blood off with paper towels. His wife testified she examined a bump on his head that evening and the skin was not broken. She said they went to their family physician, Dr. Eastland, in Orange, Texas, for treatment that evening. No such doctor testified, by deposition or otherwise.
Plaintiff claims that after several days he began having headaches and dizzy spells and then reported the occurrence of the accident to his foreman, ‘Blue’. Defendant alleges no report was made until August 10, 1980.[1] There is no other confirmation of an accident, or a head injury, in the record even though two other people were present.
Plaintiff was a member of a Texas union, a pipefitter welder, working out of a pipefitter’s local union in Lake Charles. He could only identify his foreman as ‘Blue’, who surely would have been a pipefitter working out of the same union, as well as would have been the helper working with plaintiff. It would seem reasonable that plaintiff could have located them through either the union or the employer. No effort to do so is demonstrated.
[[Image here]]
In this case the testimony of plaintiff and his wife have been so discredited that the court must and does determine that plaintiff has failed to prove by a preponderance of the evidence that an accident occurred. For instance, plaintiff testified at trial March 22, 1983, that his compensation benefits had not been paid in about a year. His wife testified the last check was March 10, 1982. Plaintiff’s petition alleges defendants arbitrarily and capriciously failed to pay compensation benefits in the sums required by law from the date of the injury to the date of filing of suit.
The record demonstrates that benefits were paid each two weeks, in the stipulated rate of $148.00 per week not only to March 10, 1982, but were in fact continuing when suit was filed August 6, 1982. They were terminated, thereafter upon advice of counsel. Not only was all compensation claimed paid timely but in the interim defendant Aetna Insurance advanced plaintiff $7,302.00 over and above regular benefits out of sympathy for his financial hardships....
[[Image here]]
The complaints related by plaintiff to Dr. Heartfield, as demonstrated by the doctor’s deposition, are so divergent from his actual conduct as to bring the court to the conclusion that the subjective findings upon which the doctor relied were not true. This would, of course, seriously detract from the doctor’s opinion that the ‘accident’ history was a ‘reasonable medical probability’ for plaintiff’s objective symptoms.”
On appeal, plaintiff contends that the trial court’s finding constitutes manifest error.
The standard of review which we must apply in this case was stated by the Supreme Court in Canter v. Koehring Company, 283 So.2d 716 (La.1973) as follows:
“Where there is evidence before the trier of fact, which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error ... ”.
Plaintiff recognizes his burden of proving by a preponderance of the evidence that an employment accident occurred and *915 that it had a causal relation to the disability. Prim v. City of Shreveport, 297 So.2d 421 (La.1974); Randle v. Commercial Union Ins. Co., 396 So.2d 1007 (La.App. 3rd Cir.1981). He nonetheless contends that this burden may be met by claimant’s own testimony corroborated by surrounding circumstances, relying on Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La.App. 3rd Cir.1976), writ denied, 338 So.2d 298 (La.1976).
Although a worker’s compensation claimant may prove the occurrence of an accident by his own testimony corroborated by the surrounding circumstances, that testimony is always subject to the trier of fact’s reasonable evaluation of credibility. Guilbeaux v. Trinity Universal Ins. Co., 134 So.2d 717 (La.App. 3rd Cir.1961) and cases cited therein.
Plaintiff’s own testimony was the only direct evidence of the accident. In corroboration thereof, plaintiff introduced the testimony of his wife and Dr. Heart-field. Dr. Heartfield’s testimony depends, to a great extent, upon plaintiff’s history and subjective symptoms related to him by plaintiff, and a careful review of the record clearly indicates that there was more than sufficient reason for the lower court to question the credibility of plaintiff.
In testimony and in answer to interrogatories, Mr. Granger stated that he had been prevented from working at all times since the occurrence of the alleged accident. However, he later admitted full time employment with Bechtel Corporation from November 1980, when he worked a 40 hour week performing as a pipefitter welder, until completion of the job in June 1981. In addition, although plaintiff admitted working as a pipefitter in a shop at his home, he initially stated that his earnings therefrom were insignificant. This testimony was impeached when plaintiff admitted testifying in another proceeding in January of 1982 that he earned an average of $400.00 a week working out of that shop. Both plaintiff and his wife testified that plaintiff was unable to operate a motor vehicle. Nevertheless, plaintiff later testified that while employed by Bechtel, he took turns driving in a carpool from his home in Orange, Texas, to a job site in Sulphur, Louisiana.
We find that the trial judge’s evaluation of plaintiff’s credibility is supported by the record and find no manifest error in his conclusion that plaintiff failed to prove the occurrence of any accident while employed by defendant by a preponderance of the evidence.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff, Raymond Granger.
AFFIRMED.

. The record reflects that defendants in fact allege that an accident report was made on August 4, 1980.