SCHOTT, Judge.
Defendant, South Central Bell Telephone Company, appeals from a judgment awarding plaintiff Workmen’s Compensation benefits of $49.00 a week for 56 weeks based upon her being temporarily totally disabled from a back injury sustained on November 16, 1971, when she fell on stairs at defendant’s office.
The issue on appeal is whether plaintiff proved her claim by a preponderance of the evidence which consisted of her own testimony and that of her neighbor and the stipulated reports and deposition of Dr. Earl J. Rozas.
Plaintiff’s testimony was as follows: After she fell she was taken by company representatives to Dr. Lombardo, who treated her and prescribed medication. The following day she was in such pain that she could not get out of her bed. The following day she again saw Dr. Lombardo who recommended that she see Dr. Haddad, an orthopedist. He examined her and prescribed medication. She was unable to return to work because of pain in her back, restriction of motion, and inability to sit comfortably for extended periods of time. Although she continued to take the medication and to use hot compresses she continued to suffer and consulted Dr. Rozas. During the course of her treatment she got some relief from time to time but was unable to work because of continued pain. At the trial in February, 1974, she was fully recovered, but until six months previous she was unable to perform her duties as a switchboard operator because of pain and restriction of motion.
Plaintiff’s neighbor testified that for six months following the accident plaintiff was unable to perform heavy housework but was limited to light work; that she complained of pain and required assistance with her chores.
Although plaintiff was seen by three physicians, the only medical evidence she produced came from Dr. Rozas, an orthopedic surgeon, who was her treating physician. His reports of April 30 and August 2, 1972, reveal that plaintiff had no objective symptoms when he first saw her, but his impression was that she “was still suffering from a residual lumbosacral strain.” He started her on “specific Williams back exercise as well as muscle relaxants and local heat.” On March 7, 1972, he found no change and he “prescribed the use of a lumbosacral corset and began her on a course of Sterazolidin.” She continued to be treated with various medications and exercises until July 19, 1972, when she was still complaining of some discomfort and was advised to return to the doctor “only when needed.” He concluded his second report by saying:
“It is my opinion that within a reasonable period of approximately three to four months that Mrs. Guillory should *754 completely resolve the difficulty with her back. I also feel there is no permanent residual disability involved with this injury.”
In his deposition of November 12, 1973, Dr. Rozas stated that he never found any objective symptoms of pain in plaintiff and he concluded his testimony as follows :
“Well, her work duties being that they involved sitting and involved no lifting or any strenuous climbing, etcetera, I would think that even on my first evaluation when I saw her with a residual lumbosacral strain that she could have carried out her job duties with no difficulty.”
In any Workmen’s Compensation case plaintiff has the burden of proving not only that an injury was sustained but also that the injury was disabling. Plaintiff has the burden of proving that the injury had an appreciable effect on her ability to perform the duties of her job or that she would have suffered substantial pain in the performance of such duties. Falgoust v. Jefferson Parish School Board, 294 So. 2d 594 (La.App. 4th Cir. 1974).
We have concluded that she failed to produce sufficient evidence to prove her alleged disability. Not only is her testimony as to disability uncorroborated by medical testimony it is flatly contradicted by the only physician she called.
Plaintiff relies on three cases, Lawless v. Steel Erectors, Inc., 254 La. 37, 222 So.2d 849 (1969), Monjure v. Argonaut Insurance Companies, 239 So.2d 488 (La.App. 4th Cir. 1970), and Profit v. Crescent Construction Company, 232 So.2d 814 (La.App. 4th Cir. 1970); but in none of these cases was the plaintiff allowed to' recover for disability without some medical evidence to corroborate the plaintiff’s testimony. Nor did the Court hold in any of the cited cases that plaintiff proved disability where all medical evidence flatly contradicted the claim of disability as in the instant case.
Accordingly, the judgment in favor of plaintiff is reversed and set aside and there is judgment in favor of defendant, South Central Bell Telephone Company and against plaintiff, Mrs. Mary D. Guillo-ry, dismissing her suit at her cost.
Reversed and rendered.