315 So.2d 331 (1975)
Annie Belle COOPER, Plaintiff-Appellant,
v.
Melvin HARRIS d/b/a Hessmer Nursing Home, Defendant-Appellee.
No. 5015.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1975.
Bennett & Wilson by B. C. Bennett, Jr. and Donald R. Wilson, Marksville, for plaintiff-appellant.
Stafford, Pitts & Stafford by Hodge O'Neal, III, Alexandria, for defendant-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiff Mrs. Annie Belle Cooper appeals the judgment dismissing her workmen's compensation suit against defendant Melvin Harris, d/b/a Hessmer Nursing Home. We affirm.
The sole issue concerns Mrs. Cooper's alleged disability after August 28, 1974. The record supports the trial judge's holding that plaintiff failed to prove her disability beyond that date.
Plaintiff was employed as a Nurse's Aide by Hessmer Nursing Home which was insured by Highlands Insurance Company. On May 28, 1974, Mrs. Cooper sustained a back injury while placing a patient in a chair. She reported the accident and was sent to her family physician that same day. On the basis of her complaints and spasm detected in the left paravertebral muscle, a lumbo-sacral sprain was diagnosed. Two days later she was hospitalized and was treated with muscle relaxants, cortisone, valium, and indocin. After ten days in the hospital she was released and was thereafter seen by her treating physician at frequent intervals. In late August 1974, she was discharged as able to return to work. The Nursing Home's insurer was notified and on August 28, 1974, workmen's compensation *332 benefits were terminated. She had received $602.16 in compensation benefits and $1,387.40 was paid for her medical treatment.
Mrs. Cooper reported back to work, but the Nursing Home refused to reemploy her. Suit was filed shortly thereafter.
Mrs. Cooper's attorney sent her to Dr. Louis Cayer, orthopedic surgeon, but he was unable to make a diagnosis because of her obesity, her age (47 years), and her equivocal findings. He suggested that in order to find some basis for her complaints, she should submit to a myelogram test. Mrs. Cooper refused to submit because she was afraid of the procedure.
Dr. Cayer's deposition was the only medical testimony introduced by Mrs. Cooper. He was unable to state she was disabled as of his September examination.
Dr. Richard M. Michel, a general practitioner, was Mrs. Cooper's family physician and the treating physician. Defendants called Dr. Michel whose testimony established plaintiff had recovered from the accident. The back sprain had healed and her arthritis had returned to its prior condition. He found her able to return to work by the end of August, 1974. Mrs. Cooper did not thereafter return to Dr. Michel to seek treatment for her alleged complaints.
Dr. T. E. Banks, orthopedic surgeon, examined plaintiff shortly before trial. In his opinion, Mrs. Cooper voluntarily exaggerated her responses. He found no objective symptoms of disability and concluded that Mrs. Cooper was able to return to her former employment.
As to her claim of aggravation of a pre-existing arthritic condition, no evidence was introduced to support Mrs. Cooper's claim that she was suffering pain because of that condition.
The trial court's factual findings in workmen's compensation cases are entitled to great weight and will not be disturbed unless clearly erroneous. Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347 (La.1974); Blazier v. Georgia-Pacific Corporation, 301 So.2d 701 (La.App. 3 Cir. 1974). A careful review of the medical testimony supports the conclusion reached by the trial court.
Although the workmen's compensation act is construed liberally in favor of claimants, the burden of proof is not relaxed. Prim v. City of Shreveport, 297 So.2d 421 (La.1974); Gorbach v. Praeger, Inc., 310 So.2d 604 (La.1975, # 55530). Claimants in workmen's compensation proceedings must establish disability by a preponderance of evidence. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973). Mere speculation, conjecture, possibility, and even unsupported probability are insufficient to sustain this burden of proof. Prim v. City of Shreveport, supra.
Plaintiff produced several lay witnesses to verify her alleged disability. Defendant timely objected to this testimony on the grounds that there was no dispute in the medical evidence. Since most of the medical testimony was introduced by deposition, the trial judge did not have sufficient evidence before him, and was unable to rule on the admissability of the lay testimony. The trial court either disregarded the lay testimony as inadmissable because there was no dispute in the medical evidence (Johnson v. Cajun Enterprises, 293 So.2d 617 [La.App. 3 Cir. 1974]; Tantillo v. Liberty Mutual Insurance Company, 303 So.2d 916 [La.App. 1 Cir. 1974]) or held that it did not establish Mrs. Cooper's disability. In either event, the record supports the trial court's conclusion.
As stated in the Johnson case, supra, 293 So.2d at 623, until the Supreme Court expressly holds lay testimony relating to the extent of a claimant's disability is admissable regardless of whether a conflict exists in the medical testimony, we will continue to apply the established jurisprudential *333 rule that such testimony is not admissable where there is no conflict.
Plaintiff failed to carry the burden of proof at trial, and on appeal has failed to establish manifest error on the part of the trial court. The judgment is affirmed at plaintiff appellant's costs.
Affirmed.