DOUCET, Judge.
In this workmen’s compensation case, plaintiff appeals the holding of the trial court that he did not sustain personal injury “by accident arising out of and in the course of his employment”. LSA — R.S. 23:1031. The determinative issue is whether plaintiff’s present back condition resulted from a progressive pre-existing back problem or was caused by strain at work.
While employed by Coca Cola Bottling Company, Mr. Sprawls was working as a bottle sorter. This job entailed bending over, at times, taking beverage bottles from a mixed case, sorting or putting like brands together in another case and then stacking the sorted cases up to approximately shoulder height. Plaintiff alleges that on January 17, 1977, while bending over to sort bottles, he injured his back. He testified that as soon as possible he notified his supervisor and several co-employees of the accident.
Although the record reveals that Mr. Sprawls went to a physician for treatment of his back that same day, all witnesses except Noah Scott, plaintiff’s son-in-law, deny being told of any “accident”. The record of the attending physician, Dr. Charles E. Cook, does indicate, however, that plaintiff complained of back problems brought on by an injury sustained at work while picking up a case of bottles. After a few days of bed rest and taking muscle relaxers, plaintiff returned to work with a note from Dr. Cook stating that plaintiff was “ready for work”. This note was written only after Mr. Sprawls had told Dr. Cook that he felt better. Mr. Sprawls worked five full days but was discharged on February 2, 1977 for fighting with another employee the previous day.
In 1975, Mr. Sprawls had developed a similar muscle spasm which, according to the records of Dr. Cook, was not caused by any particular activity. (Tr. 21) Dr. Cook, the examining physician then as well, prescribed the same for convalescence; muscle relaxers and a few days bed rest. In addition, Dr. Cook referred Mr. Sprawls to Dr. W. M. Fox, an orthopedic surgeon, for further examination.
In a letter dated October 23, 1975, Dr. Fox made a diagnosis of “[pjrobable congenital abnormality of the back with chronic strain picture and also possible very early minimal osteoarthritic changes of the right hip.” (emphasis added) As treatment, Dr. *1257 Fox prescribed a back brace for plaintiff. Several co-employees testified that plaintiff was periodically seen wearing a back brace at least one year prior to his discharge.
In a letter to plaintiff’s attorney from Dr. Kenneth Gaddis, neurologist, it is stated that “the patient [Mr. Sprawls] has a very long history of back pain dating back to 1969. . . . The patient’s history then is one of intermittent back pain from that point forward.” Several co-employees testified that Mr. Sprawls had often complained about back problems (apparently without the mentioning of any accident).
From an examination of the record, it is clear that a reasonable basis exists to support the trial court’s dismissal of plaintiff’s workmen’s compensation suit. The medical history of Mr. Sprawls clearly shows that he had long suffered from back abnormalities. Instead of being exacerbated by an “accident”, it is probable that plaintiff’s present condition resulted from a naturally progressive pre-existing congenital disorder of his back. This conclusion is substantiated by both lay and medical testimony set forth above.
Conclusions of fact by the trial court in a workmen’s compensation case are entitled to great weight and are not to be reversed unless manifestly in error. Gadi-ere v. West Gibson Products Co., 364 So.2d 998 (La.1978); Cooper v. Harris, 315 So.2d 331 (La.App. 3rd Cir. 1975). Butts v. Insurance Co. of North America, 352 So.2d 745 (La.App. 3rd Cir. 1977). Here the trial court carefully analyzed the medical and lay testimony before rejecting plaintiff’s claim. Even if this court disagreed with the result, it could not reverse the lower court’s judgment without first finding manifest error. Having found no such error, we must affirm.
For the reasons delineated above, the judgment of the district court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.