438 So.2d 655 (1983)
Nora Lee CARTER, Plaintiff-Appellant,
v.
P.K. SMITH CHEVROLET-OLDS, INC., et al., Defendant-Appellee.
No. 15576-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
Rehearing Denied October 20, 1983.
Writ Denied December 16, 1983.
*656 Gahagan & Gahagan by Fred S. Gahagan, Natchitoches, for plaintiff-appellant.
Law Office of Lawson L. Swearingen, Jr., Monroe, by J. Robert Wooley for defendant-appellee, P.K. Smith Chevrolet-Olds, Inc.
Simmons & Derr by Kermit M. Simmons, Winnfield, for defendant-appellee, Gibson's Inc. & Sentry Ins. Co.
Before PRICE, HALL and SEXTON, JJ.
SEXTON, Judge.
Plaintiff sued for workers' compensation benefits. The trial court found that plaintiff had not proven a work-related accident by a preponderance of the evidence, and rejected plaintiff's claims. We affirm.
Plaintiff in this cause is Nora Lee Carter, 46, residing in Winn Parish. Defendants are P.K. Smith Chevrolet-Olds, Incorporated (hereinafter referred to as Smith Chevrolet), and Gibson's, Incorporated. Also joined as defendants were Sentry Insurance Company and Commercial Union Insurance Company, the compensation insurers of Smith Chevrolet and Gibson's, respectively.
In February of 1979, Ms. Carter began working as a payroll clerk and bookkeeper at Gibson's Shopping Center in Winnfield. Her employer was P.K. Smith, the franchise owner of the Gibson's in Winnfield. After working for four or five months at Gibson's, Ms. Carter was reassigned by Mr. Smith to similar duties at another Winnfield business owned by himP.K. Smith Chevrolet Olds, Incorporated. Thus, early in the summer of 1980, Ms. Carter was transferred to Smith Chevrolet, where she continued to work as a bookkeeper.
Ms. Carter alleged in her petition and at trial that she suffered a disabling work injury on June 24, 1980. Ms. Carter alleged, more specifically, that she injured her neck while lifting a heavy stack of invoices. As she described it at trial, "I reached overhead to pick up the bundle of invoices ... and when I did well there was something happened to my neck and I dropped the bundle of invoices." According to Ms. Carter, this event precipitated recurrent pain in her neck, left shoulder and arm, and tingling and numbness in the fingers of her left hand.
LSA-R.S. 23:1031 stipulates that "If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation ...." It is a rudimentary proposition of workers' compensation law that a worker must prove the occurrence of a work-related accident by a preponderance, in order to prevail in a compensation proceeding. Prim v. City of Shreveport, 297 So.2d 421 (La.1974); Sprawls v. Sentry Insurance Co., 367 So.2d 1256 (La.App. 3d Cir.1979), writ denied 369 So.2d 156 (La. 1979).
The trial court found that plaintiff did not prove, by a preponderance, the occurrence of an on-the-job, disability engendering accident. It accordingly dismissed plaintiff's claims against all four defendants. The sole issue which is presented to this court on appeal is entirely factual: Was the trial court manifestly erroneous in finding that the plaintiff had not proven the occurrence of a work-related accident?
We observe, at the outset, that the record does contain some evidence which supports plaintiff's claim that she suffered a work-related accident. Two members of her car pool, one of whom was plaintiff's aunt, testified that on the date of her alleged accident, she accompanied them to lunch and related that she had hurt herself on the job. These same witnesses testified that she was *657 evidently in considerable pain at that time. Plaintiff's aunt and sister-in-law testified that plaintiff told them that she hurt herself while lifting a ledger of invoices at Smith Chevrolet. Both testified that her physical capabilities were drastically reduced after June 24, 1980, the date of the alleged accident. Several doctors who examined or treated plaintiff testified that she told them, in relating her medical history, that she had injured herself while reaching overhead for a bundle of invoices at Smith Chevrolet.
Notwithstanding this corroborative evidence however, we noteas is more fully set out in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978)that manifest error analysis of a trial court's factual findings is properly based on the entirety of the record. The trial court based its factual finding that no work accident was proven on gaps and inconsistencies in plaintiff's version of the alleged event. Plaintiff testified that when she reached overhead to pick up the ledger of invoices and felt the sharp pain in her neck, she hollered and dropped the invoices on the floor. She testified, moreover, that co-worker Cheryl Goins saw her drop the invoices, heard her holler, and laughed. Plaintiff testified, moreover, that her immediate supervisor, Mrs. O'Neal, was in an adjoining office at the time of the accident. It was plaintiff's testimony that Mrs. O'Neal heard the laugh, and asked what Ms. Goins was laughing about. Upon being told that plaintiff had injured herself, Mrs. O'Neal purportedly advised the plaintiff to see a doctor.
The reactions and responses of Ms. Goins and Mrs. O'Neal were an integral part of plaintiff's version of the alleged accident. The trial court's finding that no work accident was proven was based primarily upon the trial testimony of Ms. Goins and Mrs. O'Neal. These witnesses both denied having any recollection of the ledger being dropped, plaintiff's shout, Ms. Goins' laugh, Mrs. O'Neal's query as to what Cheryl Goins was laughing about, or Mrs. O'Neal's directive to plaintiff to consult a doctor. Thus, the trial court duly noted, Ms. Carter's version of the accident and its surrounding events was repudiated by the testimony of her co-workers.
The trial court also felt that plaintiff had impugned her own credibility by her insistence, throughout the trial, that she did not have neck pain prior to the alleged work accident on June 24, 1980. Plaintiff's insistence, in this regard, was seriously undermined by the testimony of Dr. Carlton Greer that plaintiff "had experienced [in the winter of 1979] a pain or a sensation as though a wasp sting had occurred in her neck on the left side after she had picked up a five gallon can."
The trial court's credibility findings are corroborated by plaintiff's equivocation as to the presence of neck pain prior to her alleged work accident on June 24, 1980, as well as by her co-worker's repudiation of her version of the injury. This flaw in plaintiff's credibility taints the corroborating testimony of plaintiff's witnesses, since these witnesses received most of their information about the alleged accident from the plaintiff herself. Moreover, "Conclusions of fact by the trial court in a workmen's compensation case are entitled to great weight and are not to be reversed unless manifestly in error." Sprawls, supra, at 1257. Cadiere v. West Gibson Products Co., 364 So.2d 998 (La.1978); Butts v. Insurance Co. of North America, 352 So.2d 745 (La.App. 3d Cir. 1977); Cooper v. Harris, 315 So.2d 331 (La. App.3d Cir.1975).
The record in this case, considered as a whole, provides ample basis for the trial court to have found that the plaintiff, Nora Lee Carter, did not prove by a preponderance the occurrence of a work-related accident. The trial court's decree is therefore affirmed.
AFFIRMED.