463 So.2d 883 (1985)
Gus Perry JONES, Plaintiff-Appellant,
v.
WAUSAU INSURANCE COMPANIES et al., Defendants-Appellees.
No. 16725-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
Law Offices of John S.C. Massey by John S.C. Massey, West Monroe, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Charles Smith, Monroe, for defendants-appellees, Bearden Logging, Inc. and Employers Insurance of Wausau.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
From a judgment rejecting his demands for worker's compensation benefits, penalties and attorney fees, plaintiff appealed, contending the trial judge erred in failing to find the occurrence of a job-related accident and the resulting disability. For the reasons hereinafter explained, we affirm.
In the suit against his former employer, Bearden Logging, Inc., and its compensation insurance carrier, Gus Perry Jones contended that he had sustained two onthe-job injuries. The first allegedly occurred in September 1981 during a logging operation when a tree limb hit him on the head and left shoulder. The second, according *884 to Jones, resulted from a slip and fall on his employer's truck in June 1982. However, he has restricted his appeal solely to the "slip and fall" incident.
The record reflects that the only witness to the accident itself was the plaintiff. Apparently no other employee either saw the mishap occur or observed any sign of injury. Jones' wife testified that he complained of pain that night. There was also testmony that he went to a physician with complaints of a back ailment the same week.
The testimony of an injured employee alone can establish a compensable accident by a preponderance of the evidence if supported by corroborating circumstances and the reliability of the testimony is not suspect. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Hand v. Reeves, 378 So.2d 1064 (La.App. 2d Cir. 1979).
In an excellent written opinion, the trial judge found substantial evidence which cast suspicion upon the reliability of plaintiff's testimony. Some of the enumerated factors were: (1) The employer never even heard of the accident until after suit was filed; (2) testimony of two co-employees did not conform to plaintiff's testimony; (3) plaintiff had several prior worker's compensation claims; (4) there was evidence of a statement by plaintiff's wife that they had never received anything out of an injury on the job and "it was time that they did so"; (5) plaintiff complained of back pains prior to the alleged accident; and (6) there was no report to Dr. Wadlington (plaintiff's initial treating physician) of an accident-related injury.
The record amply supports the trial court's assessment of the unreliability of the claimant's credibility. Consequently, the trial judge was correct in his conclusion that plaintiff failed to discharge his burden of proof by a preponderance of the evidence.
For these reasons, we affirm the judgment of the district court, at plaintiff-appellant's cost.