480 So.2d 898 (1985)
Robert D. POOL, Sr., Plaintiff-Appellee,
v.
G.N. BATTERIES, INC., et al., Defendants-Appellants.
No. 17390-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
Rehearing Denied January 10, 1986.
*899 Mayer, Smith & Roberts by Walter O. Hunter, Jr., Shreveport, for defendants-appellants.
J. Peyton Moore and Neil Dixon by J. Peyton Moore, Shreveport, for plaintiff-appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
In this worker's compensation case the defendant employer and its insurance carrier appealed a judgment awarding the claimant benefits for total permanent disability, contending the trial judge erred in (1) finding that plaintiff was involved in an on-the-job accident and (2) classifying the plaintiff as totally permanently disabled.
For the reasons hereinafter explained, we amend the judgment to classify the plaintiff as temporarily totally disabled.
On August 8, 1983 Robert Pool was employed by GNB Batteries, Inc. ("GNB") as a forklift operator. A railroad spur runs adjacent to the GNB plant. If a boxcar is to be loaded or unloaded dock plates or metal ramps are placed between the concrete dock and the railroad car. Since these dock plates are heavy, a forklift is required to move them. After the boxcars are loaded or unloaded an engine backs onto the spur to get them. Coupling requires the engine to back into the railroad cars with considerable force.
At some point on the date in question Pool interrupted his labors to report to his supervisor, Bailey, that he was attempting to attach his forklift to a dock plate in order to remove it from a boxcar when an engine coupled with the car and the impact knocked him to the ground, hurting his back. Bailey acknowledged the report and Pool returned to work.
A few minutes later Pool went back to Bailey, indicated that his back was still hurting, and secured permission to go to a hospital. Pool then drove to the Willis-Knighton Hospital where he was seen by Dr. Allison, who prescribed muscle relaxers and recommended that Pool visit an orthopedic surgeon. Pool subsequently saw a physician of that specialty, Dr. Joffrion, who became his treating physician.
This suit was filed on December 21, 1983 and trial was had in September 1984.
At the trial it was established that Pool, 41 years of age, had worked at GNB for about 15 years. He had a history of back problems, with previous back surgery, but was performing his duties satisfactorily up to the time of the alleged accident on August 8.
According to the medical testimony, Dr. Joffrion's examinations revealed the presence of an acute herniated lumbar disk at the L3-4 level, which required surgery. After temporary improvement, Pool again experienced severe back pain and a second operation was performed. Since this was apparently unsuccessful, a third operation was performed at the L3-4 and L4-5 levels.
Dr. Joffrion testified that in his opinion Pool was totally disabled from performing any work that required sedentary type duties since he would have to stand and walk at frequent intervals to prevent stiffness and cramping in his back. He added that Pool should not return to any manual *900 labor because it might reinjure his back, resulting in an inoperable condition.
Pool testified that he had attended college into his third year, but gave no job history involving other than manual labor.
The trial judge concluded, in handing down written reasons, that Pool was "totally and permanently disabled within the meaning of the Louisiana Workmen's Law and the evidence is clear and convincing, and unaided by any presumption of disability." He further found "no reasonable probability that plaintiff can be rehabilitated to the extent that plaintiff can achieve suitable gainful employment ..." Judgment consistent with this opinion was rendered and signed.

Occurrence of Accident
Defendants assert that plaintiff did not prove the occurrence of an on-the-job accident.
It is true that there were apparently no witnesses to the accident. However, Pool's supervisor, Bailey, confirmed the report of this incident by Pool, inspected the alleged area of the accident, and noticed that one of the metal docks was "cockeyed." Pool also complained to fellow workers and to his wife. There is also the medical testimony concerning complaints of pain immediately following the alleged accident.
It is axiomatic that the testimony of an injured employee alone may establish a compensable accident by a preponderance of the evidence if supported by corroborating circumstances and the reliability of the testimony is not suspect. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La. 1979); Jones v. Wausau Insurance Companies, 463 So.2d 883 (La.App. 2d Cir. 1985).
Pool's testimony concerning the accident was supported by corroborating circumstances and there was no reason to doubt his credibility. Therefore, the trial judge's fact-finding on this issue was not manifestly erroneous.

Extent of Disability
We find merit in appellants' argument that, according to the evidence adduced at the trial, Pool is not totally permanently disabled within the meaning of our present worker's compensation law.
Act No. 1 of the Extraordinary Session of 1983 (effective July 1, 1983) effected significant changes in the definition of total permanent disability, making much more restrictive those situations in which the term applies. When the employee is not working, such benefits may be awarded only if he proves by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in pain, notwithstanding its location or availability. La.R.S. 23:1221(2)(c).
Further, no judgment of total permanent disability may be entered prior to an evaluation of rehabilitation possibilities or during a rehabilitation program. La.R.S. 23:1226(D); 1221(2)(e); 1226(G). In the latter instance the worker is entitled to temporary total disability benefits for the duration of the program. La.R.S. 23:1226(F).
Here, although the medical testimony clearly established that Pool was totally disabled at the time of the trial, Dr. Joffrion conceded that in time there would be types of work Pool could perform. Furthermore, the record contains no evaluation of rehabilitation possibilities. Consequently, we cannot say that plaintiff is totally permanently disabled.
In Brewster v. Manville Forest Products Corp., 469 So.2d 340 (La.App. 2d Cir.1985), a similar case, we commented:
"While the evidence shows that the plaintiff should recover to a point where he will be able to engage in some type of gainful occupation, at the time of trial plaintiff's condition had not stabilized and he was in need of further medical *901 testing and treatment. Under these circumstances, plaintiff's disability would be a temporary total disability rather than permanent."
The same reasoning applies in this case. Therefore, we classify plaintiff as temporarily totally disabled rather than permanently totally disabled. Should plaintiff experience a change in his condition either party may seek a modification of the judgment. La R.S. 23:1331.

Computation of Weekly Benefits
Appellants have pointed out and appellee concedes that, because of a mathematical error, weekly compensation benefits were computed at $235 per week rather than at the correct figure of $230 per week. Our judgment shall correct this error.

Conclusion
For the reasons set forth, the judgment in favor of plaintiff, Robert D. Pool, Sr., and against defendants, GNB Batteries, Inc. and Transportation Insurance Company, is amended to decree plaintiff temporarily totally disabled and, as such, entitled to worker's compensation benefits of $230 per week during the period of such disability. As amended, the judgment is affirmed, with cost of the appeal assessed one-half to appellants and one-half to appellee.