501 So.2d 985 (1987)
Johnny Daniel HARRIS, Plaintiff-Appellant,
v.
HALLIBURTON COMPANY, Defendant-Appellee.
No. 18314-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
*986 H. Yvonne Smith Coleman, Shreveport, for plaintiff-appellant. Mayer, Smith & Roberts by Ben Marshall, Jr., Shreveport, for defendant-appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
MARVIN, Judge.
From a judgment rejecting his demands for worker's compensation benefits, penalties and attorney's fees, the claimant appeals, contending the trial judge erred in failing to find the occurrence of a work-related accident. We affirm.
Claimant Johnny Harris was employed by defendant Halliburton Company as a nitrogen equipment operator on May 28, 1983, the date of the alleged accident. He contends that while he and a fellow employee were lifting a 3" diameter pipe he suffered accidental injury to his spine. The trial court concluded that plaintiff failed to carry his burden of proving the occurrence of the alleged accident. That conclusion presents the only issue in this appeal.
The trial court's factual findings concerning work-related disability are entitled to great weight and should not be disturbed where the evidence supports a reasonable factual basis for the findings. Culp v. Belden Corp., 432 So.2d 847 (La. 1983); Wall v. Sisters of Charity of Incarnate Word, 488 So.2d 1032 (La.App. 2d Cir.1986). A worker's compensation claimant must prove by a preponderance of the evidence that a work-related accident caused him disability. Carter v. P.K. Smith Chevrolet-Olds, Inc., 438 So.2d 655 (La.App. 2d Cir.1983). This burden requires factual evidence from which it may be concluded that it is more probable than not than an accident occurred and caused disability. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). A plaintiff's case must fail if the totality of the evidence leaves the probabilities equally balanced or leaves the possibility of a causative accident to speculation or conjecture. Prim, supra.
Claimant testified that the accident occurred while he and a co-employee, Lynn Tennison, were loading a three-inch "double lip" pipe. Tennison categorically denied carrying the pipe with claimant that day and further stated that claimant made no complaint to him of any injury on that day. Three other co-workers testified that they were working in close proximity to the claimant on the date of the alleged accident on a job site location that was "very small."
These co-workers denied seeing claimant carrying the pipe in question or hearing *987 him complain of an injury. Raymond Watson, another co-worker, testified that he did not see claimant have an accident, but that claimant later told him he had hurt his back.
Claimant did not report the injury to his supervisor on the date of the alleged accident or the next day at a safety meeting even though he knew when and to whom he was supposed to report such an incident. Halliburton's safety supervisor testified that claimant did not report the injury to him until June 29, 1983, more than a month after it allegedly occurred.
The testimony of an injured employee alone can establish a compensable accident by a preponderance of the evidence if supported by corroborating and unsuspicious circumstances that support the reliability of a claimant's testimony. Jones v. Wausau Ins. Companies, 463 So.2d 883 (La.App. 2d Cir.1985). The trial court found, however, that the described circumstances cast considerable doubt upon claimant's veracity.
Two days after the alleged accident claimant saw Dr. Wolfe and complained of numbness and pain in his back and shoulders. Dr. Wolfe admitted claimant to a hospital for diagnostic testing. The insurance forms then completed by Dr. Wolfe did not indicate that claimant's complaints arose from a work-related injury. Dr. Wolfe added that nothing in any of his records indicated that claimant's complaints were connected with an alleged on-the-job accident on May 28, 1983. Dr. Wolfe's testimony and records show that claimant attributed his complaints to his lifting a heavy tool box on April 29, 1983.
The probabilities that claimant suffered an on-the-job injury in the manner he contended do not achieve the more than equal balance or rise above the speculative possibility under the circumstances of this record. We find the trial court's conclusion is supported by reasonable factual evidence that claimant did not prove the occurrence of an on-the-job accident on May 28, 1983, which caused him disability.
At claimant's cost, we AFFIRM.