509 So.2d 665 (1987)
Charles Wilkinson WOKOMA, Plaintiff-Appellee,
v.
HAWK PIPE SERVICE, INC. & Aetna Casualty & Surety Company, Defendants-Appellants.
No. 86-526.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
*666 Debra Jean Becnel, and Thomas J. Miller, Michael S. O'Brien, Lafayette, for defendants-appellants.
J.M. Wooderson, Darrel Desormeaux, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
DOUCET, Judge.
This worker's compensation suit arises from personal injuries sustained by plaintiff, Charles Wokoma, when he slipped and fell off of a pipe he was cleaning on May 30, 1984, while in the employ of Hawk Pipe Services, Inc.
Subsequent to the accident, plaintiff was seen by a number of physicians, the first of which was Dr. Mark Tolson. Dr. Tolson referred plaintiff to Dr. Charles Williams and Dr. Williams, after examining plaintiff, diagnosed plaintiff as suffering from a left inguinal hernia. Dr. Williams then referred plaintiff to Dr. James Carroll. On July 25, 1984, Dr. Carroll confirmed Dr. Williams' diagnosis and repaired plaintiff's hernia and discharged him to work on September 17, 1984. Dr. Carroll last saw plaintiff on August 29, 1985. Plaintiff was also seen by Dr. Kurt Swan, a family practitioner, Dr. Irvin Lister, a chiropractor, various doctors at the University Medical Center, and by Dr. Charles Olivier and Dr. Norman Anseman. The medical reports and progress notes of Drs. Olivier and Anseman were introduced into evidence and in these documents, both doctors indicated that plaintiff is possibly suffering from lumbosacral strain.
Aetna Casualty and Surety Company, the worker's compensation carrier, paid weekly compensation benefits from the date plaintiff was placed on a no work status by Dr. Williams on July 17, 1984 through the date he was returned to work by Dr. Carroll, on September 17, 1984. Additionally, Aetna paid all medical expenses through that date.
*667 Plaintiff filed suit demanding the resumption of his disability benefits. The Fifteenth Judicial District Court found plaintiff to be temporarily totally disabled under the worker's compensation statute and awarded temporary total disability benefits to plaintiff from September 16, 1984 through January 31, 1987. It is from this judgment that defendant now appeals.
On appeal, defendant contends that the trial court erred in finding that plaintiff suffered temporary total disability after September 16, 1984, and that plaintiff was unable to return to work after such date. We agree.
La.R.S. 23:1221 in pertinent part provides:
"Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(1) Temporary total. For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged ..."
Thus, in order for an employee to receive benefits under 23:1221(1), he/she must prove that he/she is temporarily totally disabled from engaging in any self-employment or gainful occupation for wages. While we recognize the fact that the worker's compensation act is construed liberally in favor of claimants, this does not excuse a claimant from establishing disability by a preponderance of the evidence. Mere speculation, conjecture, possibility, and even unsupported probability, are insufficient to sustain such burden of proof. Cooper v. Harris, 315 So.2d 331 (La.App. 3rd Cir.1975).
In the instant situation, we cannot in good conscience conclude that plaintiff successfully carried his burden of proving that he was temporarily totally disabled after September 16, 1984. On the contrary, the record is completely devoid of any concrete evidence of his alleged disability.
In relation to plaintiff's hernia, he was released from Dr. Carroll's care and was ordered to return to work as of September 17, 1984. With respect to plaintiff's back, the only evidence of possible disability is found in the sketchy notes and reports of several doctors. The notes and reports do indicate a possible lumbosacral strain, however, as previously stated, mere speculation, conjecture, and possibility are insufficient to sustain the burden of proof required for receiving disability benefits under the worker's compensation statute. Cooper, supra. Moreover, we find that even if it was proven that plaintiff was suffering from lumbosacral strain, it must be proved that this condition would prevent him from engaging in any self-employment or gainful occupation. The fact that an employee has injured himself on the job does not automatically entitle him to disability benefits.
The trial judge found that plaintiff could no longer work based in part on the testimony adduced at trial of Dr. James Carroll. However, Dr. Carroll discharged plaintiff and returned him to work as of September 17, 1984. Dr. Carroll did not see plaintiff again until August of 1985. Dr. Carroll could not have possibly known of plaintiff's ability or inability to work in the time period between the September 1984 and August 1985 visit. Moreover, Dr. Carroll could not have been aware of plaintiff's condition after the August 1985 consultation. Thus, we will not give weight to his statement regarding his inability to work. As such, plaintiff's evidence fell short of that required of the worker's compensation statute.
Accordingly, for the foregoing reasons, we reverse the judgment of the trial court and deny plaintiff temporary total benefits after September 16, 1984. All costs are assessed to appellee.
REVERSED.