HALL, Chief Judge.
In this worker’s compensation action plaintiff-appellant Ronald H. Williams appeals the trial court’s denial of benefits and judgment in favor of defendants Terry L. Page and his worker’s compensation insurer, Travelers Insurance Company. After a trial on the merits the court determined that plaintiff had not proven an employment-related accident by a preponderance of the evidence. Appellant contends that the trial court erred in making this determination. Finding no manifest error, we affirm.
Mr. Williams was hired by Terry L. Page on March 10, 1986 as a log truck driver. His duties included loading and unloading the truck. He worked for Mr. Page until Friday, March 21, 1986, or nine working days, at which point he was terminated. Mr. Williams called Mr. Page during the week following his termination requesting the name of his insurance carrier. Mr. Williams subsequently claimed he was injured in the course and scope of his employment.
Mr. Williams filed a claim for compensation with the State of Louisiana, Department of Labor, Office of Worker’s Compensation which recommended denial of benefits. Mr. Williams rejected the office’s recommendation and filed this action in district court.
Plaintiff attempted to prove the following. Plaintiff testified that on March 11, 1986 he drove a load of logs from around Arcadia to a mill in Emerson, Arkansas. He unloaded the truck by tripping the hinged standards located on the passenger side of the trailer. He testified that the rear standard became stuck requiring him to forcibly shove the entire unit into an upright position thereby enabling him to *390 latch it. He estimated the weight of the standard to be approximately fifty pounds. He claims that as he shoved the unit upward he felt a burning pain in his lower back which got better with medication but still returns. No one witnessed Mr. Williams’ accident. Plaintiff testified that he told only one co-employee about his back injury, Mr. Billy Joe Rasbury, who denied that plaintiff informed him of it. Plaintiff stated that he did not tell Mr. Page since he needed the job.
Mrs. Sandra Williams, plaintiffs wife, testified that on the evening of March 11, 1986 plaintiff was walking with a limp and he explained the accident to her. She rubbed liniment on his back but did not give him any aspirin or Tylenol for pain. She stated that plaintiff has constantly complained of pain, headaches,, dizziness, weakness and sleeplessness since that date.
Numerous other witnesses, mainly relatives of Mrs. Williams, testified that plaintiff told them of his back injury on Saturday, March 15, 1986, but they could not explain why they remembered the date. They generally stated that Mr. Williams was not a “complainer” but had changed his lifestyle due to his back injury.
Defendant-appellee Terry L. Page testified that he did not have any knowledge of plaintiff’s accident. He also stated that on March 10, 1986 he had trouble with one of the standards on the trailer but had repaired it using heat, a sledge hammer and a wench truck. He further stated that the hinge worked perfectly. Mr. Page did not observe the plaintiff in pain or limping throughout the period of his employment.
Mrs. Vanessa Page, defendant’s wife, Troy Page, defendant’s father, and Billy Joe Rasbury, defendant’s employee, all testified to the effect that plaintiff had not mentioned his back injury nor displayed signs of an injury while he was employed by defendant.
Plaintiff did not receive medical attention until April 7,1986, twenty-seven days after the alleged incident, when, upon the recommendation of his attorney, he was examined by Dr. William Newton Foust, Sr. The deposition of Dr. Foust, who is board eligible in internal medicine, reveals that plaintiff had pain in the mid to lower back in the L-l, L-2 area. He diagnosed plaintiff as having a lumbar strain with muscle spasm. He prescribed a drug regimen of anti-inflammatory analgesics and muscle relaxants with a heating pad to be applied to the affected area. Dr. Foust gave him samples of medication and believed plaintiff to not be taking them as prescribed. On plaintiff’s third visit, as a result of his continuous complaints, Dr. Foust recommended an orthopedic physician.
Dr. Raymond E. Dennie, an expert in general medicine and board eligible for orthopedics, examined plaintiff on August 5, 1986 and initially diagnosed him as having an acute lumbosacral sprain. He also felt that plaintiff should have further investigative studies of the lumbar spine and a computerized tomogram of L-2 thru the S-l area.
The trial court, in rejecting plaintiff’s demands, stated that plaintiff had not proven by a preponderance of the evidence that there was an accident. The court noted that although plaintiff claimed that he was injured on March 11, 1986, he did not report the accident to his employer during his employment. The court recognized that various in-laws of plaintiff testified that he told them of his accident on March 15,1986 but could not explain how they remembered that date. The court further stated that defendant’s witnesses testified as to seeing plaintiff but did not observe any signs of injury nor did he tell them of his injury. The court found the testimony of the employee, Mr. Rasbury, to be controlling since he was the only non-family member on either side who testified. The court realized that he was not necessarily a disinterested third party since he was employed by the defendant.
During the hearing on plaintiff’s motion for new trial, Ms. Marjorie Sherrard, an insurance agent, testified that she had seen Mr. Williams lying on his couch in pain on a day during the week of his employment with defendant. The court heard the testimony of the witness, but denied the motion.
*391 The worker must prove the occurrence of a work-related accident by a preponderance of the evidence to prevail in a compensation proceeding. Prim v. City of Shreveport, 297 So.2d 421 (La.1974); Carter v. P.K. Smith Chevrolet-Olds, Inc., 438 So.2d 655 (La.App. 2d Cir.1983) writ denied 443 So.2d 595 (La.1983); Sprawls v. Sentry Insurance Co., 367 So.2d 1256 (La. App. 3d Cir.1979), writ denied 369 So.2d 156 (La.1979). In evaluating the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, in the absence of circumstances in the record casting suspicion on the reliability of this testimony. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Hall v. Georgia-Pacific Corporation, 390 So.2d 948 (La.App. 2d Cir.1980).
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s findings, the appellate court will not disturb the findings in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Pool v. G.N. Batteries, Inc., 480 So.2d 898 (La.App. 2d Cir. 1985).
In evaluating the evidence presented at trial the court recognized the inconsistency between plaintiffs testimony and Mr. Rasbury’s. Furthermore, there were other circumstances casting suspicion upon plaintiffs testimony: (1) plaintiff did not tell any other co-workers or his employer about the accident during his employment; (2) plaintiff, according to defendant’s witnesses, did not exhibit any signs of injury; and (3) plaintiff did not receive any medical treatment until twenty-seven days after the alleged accident. The testimony of Ms. Sherrard, who stated that plaintiff looked terrible and was obviously in a great deal of pain during the week following his alleged accident, is inconsistent with the failure to seek medical attention and evidence that plaintiff demonstrated no signs of injury while working for the defendant. There are circumstances in this record casting suspicion on the reliability of plaintiff’s testimony about the accident, justifying the trial court’s rejection of that testimony.
We recognize plaintiff’s testimony that he needed his job and did not want to jeopardize it by telling his employer of the injury. However, nothing in the record indicates that Mr. Page would have fired plaintiff had he informed him of the injury.
The record reveals that plaintiff has an injury to his back but we cannot say that the trial court was clearly wrong in evaluating the witnesses’ testimony and in finding that he did not prove an employment-related accident by a preponderance of the evidence. Accordingly, the judgment of the trial court is affirmed, at appellant’s costs.
Affirmed.