MARVIN, Judge.
The one issue in this worker’s compensation case is whether the employee’s temporary disability from a fall at work continued after his doctor released him to return to work with no restrictions on his activities. The trial court found that the disability did not continue, and rejected the employee’s claim for further benefits.
We affirm.
FACTS
Archie Bumes worked as the night manager at defendant’s convenience store in Shreveport. On December 5, 1984, he injured his neck, back, and left foot when he fell from a table where he was standing and cleaning the storefront window. His family doctor referred him to Dr. Martinez, a neurosurgeon, who treated him conservatively for moderate cervical and lumbo-sacral strain from December 1984 through March 1985.
In 1981 Bumes had injured his back in another fall. Dr. Martinez surgically removed two herniated discs from his back in 1982. In March 1983, Dr. Martinez released Burnes to return to light duty work with a 28 percent partial permanent disability of the body as a whole.
In November 1983 Burnes fell again while working as a security guard, injuring his back and his knee. Dr. Martinez then treated him for back pain for about a month. Burnes was referred by Dr. Martinez to Dr. Bundrick, an orthopedist, who did a total knee replacement. After Burnes recovered from the knee surgery, Dr. Bundrick released him to return to work with a 30-50 percent permanent disability of the right leg.
When Burnes fell in December 1984, he had been working as night manager at defendant’s store for about six months, notwithstanding his pre-existing disabilities. He returned to work about a month after the 1984 fall for only one shift because he experienced sharp pain in his back when reaching under the cash register for a paper sack.
In February 1985, Bumes told Dr. Martinez he was having pain on the left side of his neck and numbness and tingling in his right arm. Dr. Martinez continued treating him with anti-inflammatory and analgesic medication and physical therapy.
When Dr. Martinez saw Bumes on March 18, 1985, Bumes still complained of back pain but did not report pain in his neck or arm. Dr. Martinez advised him to continue his medication for another ten days and released him to return to his work on April 1, 1985, without any restrictions.
At some unspecified time after April 1, Burnes went to the store and told the new manager he was ready to return to work. Burnes said the manager told him that his position had been filled. Burnes apparent ly did not work again until September 1986, when he began serving his lawyer as a paid office “runner.” He still had this job when the case was tried in November 1987 and was earning the same amount per week as *618 he earned for performing more strenuous duties at the store.
The store’s insurer paid Bumes temporary total disability benefits and medical expenses through March 31, 1985. Burnes filed suit in October 1985 for benefits beyond that date.
Burnes saw Dr. Martinez again in August 1985, complaining of back pain, neck pain radiating toward his head, and numbness near his left ear. Dr. Martinez found these symptoms to be “slightly different” than those Bumes had described earlier in the year, noting that Burnes described his neck pain as radiating toward the left side of the head instead of into the right arm, as before. Dr. Martinez found no evidence of disc disease and no neurological changes since his March 18, 1985, examination. He prescribed an analgesic and opined that Bumes was still able to return to work without medical restrictions.
About ten months later, in June 1986, Bumes saw Dr. Albright, an orthopedic surgeon, with complaints of neck and back pain. Bumes told Dr. Albright about his disc surgery in 1982 and his fall at the store in December 1984. From this history and his examination of Bumes, Dr. Al-bright opined that the fall caused or aggravated the neck and back pain Bumes was experiencing. Dr. Albright was not asked for his opinion of Burnes’s ability to work.
Bumes reported “no previous history of neck problems” to Dr. Albright, but admitted at trial that he had had soft tissue neck injuries after automobile accidents in 1974 and in 1978. He described these injuries as “relatively minor” compared to his injury at the store, and said he had not had neck pain for at least a year before the 1984 fall. In addition to his knee and back surgeries before the fall, Bumes had had surgery for hemorrhoids and for a dislocated shoulder many years ago. He was 52 years old at trial.
Burnes said he now misses work about once every three or four months because of pain. He explained that the weather affects all areas of his body where he has had surgery. He has had pain on the right side of his back since the 1982 disc surgery and on the left side since the 1984 fall. He has had chronic pain in his right knee since the knee replacement surgery in 1983. He denied having suffered other injuries after he fell in 1984.
The trial court found Bumes was not entitled to benefits beyond April 1, 1985, when Dr. Martinez released him to return to work. The court found Bumes’s credibility “questionable” and attributed his problems after April 1, 1985, “to either pre-existing difficulties which were on-going or to subsequent difficulties that may have occurred.” The court found Burnes did not carry his “heavy burden” of proving that his disability from the December 1984 work injury continued after Dr. Martinez released him with no work restrictions.
Burnes contends the trial court erred in requiring him to prove his case by something more than a preponderance of the . evidence. He says there is no evidence of “subsequent difficulties” and relies on Dr. Albright’s opinion that his neck and back pain in June 1986 was related to the December 1984 fall.
PROOF OF DISABILITY
Notwithstanding the general rule that the law is to be liberally construed in favor of the injured employee in worker’s compensation cases, the employee bears the burden of proving his claim “by a preponderance of the evidence and with the same legal certainty as required in any other civil case.” This burden is not satisfied if the evidence is speculative or conjectural. Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1, 6 (L.1963).
From our review of the record, we cannot find or infer that the trial court imposed a stricter burden of proof than preponderance of the evidence, even though the court used the phrase “heavy burden” in its reasons for judgment. See and compare Washington v. Ameron Automotive Centers, 432 So.2d 1193 (La.App. 3d Cir.1983).
*619 To recover disability benefits, the employee must prove not only a compensable injury, but disability under the w.c. statutes. Guillory v. South Central Bell Telephone Company, 309 So.2d 752 (La.App. 4th Cir.1975); Wokoma v. Hawk Pipe Service, Inc., 509 So.2d 665 (La.App. 3d Cir.1987).
Here, the parties stipulated that Bumes was disabled and was paid compensation through March 31, 1985. The issue whether his disability continued after that date was resolved in favor of the employer after the trial court considered both the lay and the expert testimony. We do not disturb this factual finding unless it is shown to be clearly wrong. Washington v. Ameron Automotive Centers, supra.
Burnes testified that his neck and back pain continued after April 1, 1985. Dr. Albright related his complaints of pain in June 1986 to the December 1984 fall. Neither, however, testified about the effect of this pain on Bumes’s ability to work. Bumes began working as a law office “runner” a few months after he saw Dr. Albright and had held that job for more than a year when the case was tried.
Dr. Martinez acknowledged that Bumes will never be completely free of pain- because of his back and knee surgeries before the 1984 fall. Dr. Martinez unequivocally stated that Burnes was back to his pre-fall condition by April 1, 1985, and was then able to perform his duties as night manager at the store.
Bumes testified that he tried to return to work at the store after the release and was told his position had been filled. He did not describe any other attempts to work or to find work between April 1985 and September 1986 when he began work at the law office. His testimony that his pain from the 1984 injury continued during this time does not prove that he was more probably than not unable to work because of the pain.
The trial court found that Burnes “was fully able to return to work on April 1, 1985, and that any other problems thereafter are attributable to either pre-existing difficulties which were on-going or to subsequent difficulties that may have occurred.” While we agree with Burnes that there is no evidence of any subsequent injury, there is ample evidence of prior injuries that caused him pain both before and after the 1984 fall. In any event, Bumes did not prove that the pain that was caused or aggravated by the 1984 fall was disabling after April 1, 1985.
This case [where the issue is disability after a certain date] is to be distinguished from those cases where the issue is the cause of the disability. Compare Lindsey v. H.A. Lott, Inc., 387 So.2d 1091 (La.1980); Nash v. Ewing Timber, Inc., 431 So.2d 893 (La.App. 2d Cir.1983).
CONCLUSION
The appeal is from the judgment, not the reasons for judgment. Stephens v. DeLoach, 522 So.2d 1373 (La.App. 2d Cir.1988), writ denied. On this record, we cannot conclude that the result reached by the trial court is clearly wrong.
At Bumes’s cost, the judgment is AFFIRMED.