297 So.2d 421 (1974)
C. C. PRIM
v.
CITY OF SHREVEPORT.
No. 54411.
Supreme Court of Louisiana.
July 1, 1974.
Donald R. Miller, Shreveport, for plaintiff-applicant.
Richard H. Switzer, Lunn, Irion, Switzer, Johnson & Salley, Shreveport, for defendant-respondent.
*422 SANDERS, Chief Justice.
This is an action to recover compensation for total and permanent disability under the Louisiana Workmen's Compensation Act. LSA-R.S. 23:1201-23:1351.
The district court rendered judgment in favor of the employer, City of Shreveport, and Aetna Life and Casualty Co., its insurer, dismissing the plaintiff's suit.
The Second Circuit Court of Appeal affirmed the judgment of the trial court. 287 So.2d 593 (1973).
We granted writs to consider whether the stroke that the plaintiff suffered was a compensable disability under the statute. 290 So.2d 897 (1974).
Plaintiff, C. C. Prim, was working as a laborer for the City of Shreveport at the Cross Lake water plant. On September 24, 1971, while helping to dock a small boat, he slipped on a rock and hurt his left leg. The injury was minor. He administered first aid to his leg on the job and continued to work. Two weeks later, on October 5, 1971, while cleaning filters, he contends that the leg hurt to such an extent he asked his supervisor to take him to a physician. He was taken to the office of Drs. Eddy and Garrett and was seen by Dr. James H. Eddy, who was not called to testify at the trial. The following day plaintiff saw Dr. Broox Garrett, who diagnosed plaintiff's condition as a stroke, with paralysis in his left leg and a drawing of his mouth on the left side. Dr. Garrett testified that the plaintiff's stroke was a result of either a blood clot or a rupture of a blood vessel, caused by his abnormally high blood pressure. Dr. Garrett found his blood pressure on October 6th to be 258/100.
Concededly, plaintiff is totally and permanently disabled. In order to recover benefits under the Louisiana Workmen's Compensation Law, however, the employee must establish that he received a "personal injury by accident arising out of and in the course of his employment." Disability is compensable only if it results from a work-related accident. LSA-R.S. 23:1031; Ferguson v. HDE, Inc., La., 270 So.2d 867 (1972).
Plaintiff asserts that the injury to his leg or other activities of his employment caused or contributed to the disability.
The defendant contends that there was no causal connection between the plaintiff's disabling stroke and any work-related accident. Rather, it is the defendant's position that the stroke arose from high blood pressure, an abnormal condition unrelated to his work.
Hence, the question presented is factual: Is plaintiff's disability causally related to an employment accident?
Although procedural rules are construed liberally in favor of workmen's compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. Jordan v. Travelers, 257 La. 995, 245 So.2d 151 (1971); Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965); Hogan v. T. J. Moss Tie Co., 210 La. 362, 27 So.2d 131 (1946); White v. E. A. Caldwell Contractors, Inc., La.App., 276 So.2d 762 (1973); Richard v. Guillot, La.App., 271 So.2d 719 (1972); Nellon v. Harkins, La.App., 269 So.2d 542 (1972).
Dr. Garrett was the sole medical witness. He testified that the injury to the lower left leg could not have passed a blood clot to the brain. Rather, such a clot would have gone into the lungs and caused a blockage there. Dr. Garrett testified that hypertension was the most likely cause of *423 the plaintiff's cerebral vascular stroke. He added, however, that plaintiff's hypertension, was a condition of long-standing, not caused by his work. Moreover, as noted by the Court of Appeal, the record is insufficient to establish that the stroke, itself, actually occurred on the job.
The trial judge found no causal relation between the minor leg injury and the stroke; he also found that the evidence was inadequate to show that the stroke was otherwise work-connected. His factual findings are entitled to great weight.
Plaintiff relies upon Ferguson v. HDE, Inc., supra. That case, however, is factually distinguishable. There, the plaintiff became emotionally disturbed when he discovered that he was not being paid the amount of wages' he expected to receive from his employer, engaged in a heated argument with the office employees, went into a wild rage, and suffered a stroke. The evidence established that the stroke occurred on the job as a result of emotional stress. The essential proof is lacking in the present case.
We conclude, as did the Court of Appeal, that the evidence is insufficient to support a compensation award.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
BARHAM, J., dissents and assigns reasons.
BARHAM, Justice (dissenting).
As I read the facts, when the plaintiff first reported to the doctor he had been on the job cleaning filters. Two weeks previously he had injured his left leg. His complaint to the doctor on October 5, 1971, when he first reported to him, was of leg pain.
The treating doctor diagnosed plaintiff's condition as a stroke with paralysis of the left leg. The stroke, either a result of a blood clot or a rupture caused by abnormally high blood pressure, occurred while the plaintiff was at work.
We can either attribute the stroke to the fall and injury of September 24, 1971 or to the activity of October 5, 1971. At any rate, by reason of his employment and an accident connected therewith, plaintiff was injured. I find Ferguson v. HDE, Inc., 270 So.2d 867 (La. 1973) factually and legally applicable.
For the above stated reasons, I respectfully dissent.