CULPEPPER, Judge.
Plaintiff appeals from a judgment denying workmen’s compensation benefits. He alleges residual disability resulting from an injury to his eyes. While working as a common laborer for the defendant, Grand Marie Vegetable Producers Coop., he was riding as a passenger in a truck hauling sweet potatoes. The truck collided with another vehicle and overturned. Gasoline spilled all over plaintiff and got into his eyes. He suffered no injury to any other part of his body.
The substantial issue is whether plaintiff has any causally connected residual disability beyond the two weeks that benefits were paid.
On the date of the accident, November 17, 1973, plaintiff was taken to the Rapides General Hospital in Alexandria, Louisiana, where his eyes were rinsed, medication applied, and plaintiff was released. Plaintiff returned to his home in St. Landry Parish and was seen by Dr. Kenneth C. Lafleur, a specialist in ophthalmology, on November 26 and December 6, 1973. On the latter date, this physician released plaintiff and wrote a report stating he found no residual damage secondary to gasoline having entered plaintiff’s eyes.
Dr. Perry Lee Fisher, a general practitioner in Opelousas, also examined plaintiff on December 7, December 10 and December 21, 1973. Dr. Fisher found no evidence of injury to the eyes and diagnosed “malingering”.
Dr. D. K. Harmon, an ear, eye, nose and throat specialist in Opelousas, examined plaintiff on January 2, 1974. He found 20/80 vision in each eye and slight scarring of the macular portion of the eye, i. e., the portion towards the back part of the eye that receives light. However, Dr. Harmon said that cause of this condition was undetermined. He did not relate it to the accident.
Dr. H. W. Ledoux, of Lafayette, examined plaintiff on January 24, 1974. He diagnosed a slight degeneration of the macu-lar portion of the eye but stated it was not related to the gasoline incident.
The plaintiff introduced into evidence reports of examination of his eyes at the Charity Hospital on February 4, 1974. These reports state that plaintiff had 20/80 vision in both eyes and that glasses were needed. The reports also noted “macular edema” but gave no opinion as to the cause of this condition.
The evidence further shows that on June 10, 1975 plaintiff took an eye test for a Louisiana driver’s license. His vision without glasses was 20/40 in each eye.
At the trial on October 8, 1975, plaintiff testified he had no trouble with his eyes before the accident, but that since the accident his eyes “burn” and he has to wear glasses. He also testified that at the time of the accident battery acid may have entered his eyes, but this was not alleged in his original petition and was not related to the doctors who examined him during the early stages of his treatment. Furthermore, none of the doctors stated they found any evidence of acid burns to the eyes.
The trial judge did not give written reasons, but it is apparent that after consider *287 ing all of the evidence he concluded either that plaintiff had no disability or that he had failed to prove by a preponderance of the evidence that there is any causal connection between the accident and the condition of his eyes.
The applicable law is that in a workmen’s compensation case the plaintiff has the burden of proving disability and causal connection by a preponderance of the evidence, the same as in any other civil case. Prim v. City of Shreveport, La., 297 So.2d 421 (1974). In the present case there is a substantial evidentiary basis to support the decision of the trial judge that plaintiff failed in his burden of proof.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.