STOKER, Judge,
concurring.
Although I authored the principal opinion in this case, I would favor a remand for evidence on plaintiff’s employment capabilities and possibilities. This is the same position taken by Judge Watson (now Justice Watson of the Louisiana Supreme Court) in Ashworth v. Elton Pickering, Inc., 361 So.2d 940 (La.App. 3rd Cir. 1978), writ denied, 362 So.2d 1119 (La.1978).
In my opinion we are faced in this case with a problem pointed up by the Cullivan, Ashworth, Turner and Goodwin cases cited in the principal opinion. Here we are limited to the testimony of the two physicians who testified, both of whom expressed the opinion that plaintiff can do some kind of work. At the same time, it is quite clear that plaintiff is extremely handicapped physically. Dr. Davidson indicates that the kind of employment open to plaintiff is quite limited. The record reveals little about plaintiff other than that he was fifty-one years old at the time of trial, has the equivalent of a high school diploma, has been a painter since 1948 and has no other training or skill. As an adult Rushing has limited his work to painting.
In assuming, as the trial court did, that plaintiff cannot engage in any gainful occupation for wages it may be, perhaps, that we are being unfair to defendant-appellant. By the same token, it would be unfair to plaintiff to assume that he can earn meaningful wages because of the bare assertions of the medical experts in this case. We really know little about plaintiff’s present capacities and less about job opportunities which might be open to him considering whatever capacities he may have. In this respect, I consider the record to be incomplete. The Cullivan, Turner, and Goodwin cases cited in the principal opinion indicate the kind of evidence appropriate in such cases.
In Ashworth v. Elton Pickering, Inc., supra, the plurality of three judges was concerned by factors of realistic earning capacity, the worker’s real capabilities and economic opportunity in which to exploit them. Two judges dissented on the ground the medical evidence was alone sufficient to *870 require a holding that the injured worker, Ashworth, was only partially disabled. Judge Watson concurred in the result with the statement that he “would favor a remand for evidence on plaintiffs employment capabilities and possibilities.”
While I would regret the delay and additional expense which the litigants would be required to undergo, I feel that a remand in this case would be more appropriate. Although this is a workmen’s compensation case in which certain liberal rules apply, the plaintiff still has the burden of proof to show what he claims by a preponderance of evidence. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). Where plaintiff claims he is totally and permanently disabled, his burden of proof includes a showing by a preponderance of evidence that he is in fact disabled from engaging in any gainful occupation for wages. In a given case, if plaintiff should establish a prima facie case on this point, then it is up to the defendant to adduce countervailing evidence. Dusang v. Henry C. Beck Builders, Inc., et al., 389 So.2d 367 (La.1980).
The Cullivan, Turner and Goodwin cases illustrate the kind of evidence which may be brought to bear upon the issues involved here. I believe that such considerations should be made in order to give effective force to the 1975 legislative redefinitions of total and permanent disability and partial disability. The considerations underlying and involved in such issues as are before us are extensively treated by Malone and Johnson in Volume 13 of the Louisiana Civil Law Treatise entitled Worker’s Compensation Law and Practice, Second Edition, 1980, beginning at Section 276 at page 619. I feel these references would suffice to guide counsel and the trial court in the considerations which they would be engaged in on a remand. While such considerations call upon the ingenuity of counsel and theirs is the primary responsibility for producing whatever evidence might be appropriate, in circumstances such as are presented in this case the trial court itself could call its own experts if it felt such expert testimony was appropriate and needed. LSA-C.C.P. art. 192.
In essence what I am suggesting is that in a case such as the one before us, evidence should be brought forth upon which the trier of fact can make the kind of considerations suggested by Malone and Johnson. In Dusang v. Henry C. Beck Builders, Inc., et al., supra, the Louisiana Supreme Court referred to the “odd lot” doctrine recommended by Malone and Johnson. The Supreme Court stated that, while it had not adopted the “odd lot” doctrine explicitly, elements of the doctrine have appeared in certain of its opinion’s decisions. The Supreme Court then proceeded to apply the “odd lot” concept in Dusang, a case which involved substantial pain.
For the foregoing reasons it would be my preference to remand this case for the taking of further evidence on the issues of plaintiff’s employment capabilities and reasonable possibilities for employment in work for which he might be qualified.[3]

. In Dusang v. Henry C. Beck Builders, Inc., et al., supra, the Supreme Court summarized the “odd lot” doctrine as proposed by Malone and Johnson as follows:
“Under this doctrine a claimant is considered totally disabled if his injury makes him an ‘odd lot’ in the labor market-in other words, if he can hold various jobs periodically, but the kind of work he can do is so limited that a reasonably stable market for it does not exist. An ‘odd lot’ claimant need not be absolutely helpless to qualify for total disability status. If the claimant can prove that his physical condition, his mental capacity, his education, training, age or other factors combine to place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the ‘odd lot’ category. The employer or insurer must then show that some form of suitable work is regularly and continuously available to the claimant in the area where he resides.”