CUTRER, Judge.
This is an appeal in a workmen’s compensation case from a lower court judgment awarding the plaintiff benefits on the basis *778 of his total permanent disability.[1] The plaintiff, Venix J. Dupuy, was injured during the scope of his employment with the Central Louisiana State Hospital. The defendant is the State of Louisiana, Office of Risk Management (State). Plaintiff filed suit for total permanent disability payments, penalties and attorney’s fees. The trial court awarded total permanent disability benefits, but denied penalties and attorney’s fees. The State appeals. The plaintiff has neither appealed nor answered the defendant’s appeal. We affirm.
The issue presented on appeal is whether the trial court erred in finding that plaintiff had suffered total permanent disability as a result of the job-related accident which caused a back injury.
FACTS[2]
The plaintiff was employed as a psychiatric aide at the Central Louisiana State Hospital at the time of his injury on August 10, 1981. On that evening he was called upon to separate two fighting patients and, in the process, he was struck on the back and leg with a pipe being swung by one of the patients. Although he completed working the last four hours of his shift, on the next day plaintiff saw his family physician, Dr. Richard Michel. The plaintiff stated that the pain in his back at that time was so great that he could hardly move. According to plaintiff, Dr. Michel[3] treated him with medication.
For the next three months, plaintiff continued to see Dr. Michel at least once a week regarding his injuries. Throughout this time, the State paid plaintiff workmen’s compensation benefits. Upon Dr. Michel’s recommendation, plaintiff saw Dr. Douglas Gamburg, an orthopedic surgeon, on November 16, 1981.
Dr. Gamburg concluded that the job-related injury had aggravated a pre-existing arthritic condition involving plaintiff’s lumbar spine. Dr. Gamburg further observed some evidence of nerve root irritation. He prescribed medication for the plaintiff, gave him a back support and told him to return in two weeks if his back had not improved. Plaintiff was involved in an automobile accident before he could get back to Dr. Gamburg. Plaintiff testified that, around June 1982, he attempted to see Dr. Gamburg again for his back problem. Dr. Gamburg refused to see him as this physician preferred not to ⅜0 litigation examinations.
On November 28, 1981, plaintiff was involved in an automobile accident in which he suffered a fractured right knee, fractured ribs and contusions to his chest. As a result of these injuries plaintiff was hospitalized for twenty days. After leaving the hospital plaintiff was required to wear a cast on his right leg for approximately three months. The orthopedic surgeon who treated plaintiff’s auto injuries, Dr. Ray Buerlot, stated that the plaintiff’s limp is permanent. Dr. Buerlot last saw plaintiff on December 7, 1982, at which time the plaintiff walked with the assistance of a cane.
After the automobile accident the State asked Dr. Gamburg for a report on his evaluation of plaintiff as of the examination in November 1981. Dr. Gamburg, by letter of January 26, 1982, stated:
“Based on my findings on the examination of November 16 [1981], I would have thought that he would be able to return to work by this time.”
Apparently Dr. Gamburg was unaware of plaintiff’s car accident. The State, on the basis of this letter, discontinued paying *779 workmen’s compensation benefits to the plaintiff on February 1, 1982.
The State contends that disability from the back injury incurred by plaintiff on August 10, 1981, had resolved itself by February 1, 1982. It is contended that disability beyond this time is attributable solely to injuries received in the car accident or the arthritic condition in plaintiffs back, or both. On the other hand, the plaintiff contends that the back condition persisted following the job-related accident and that his back condition was not worsened by the car accident. Plaintiff contends that the back condition rendered him totally and permanently disabled from performing his duties with the State.
The trial court, in its reasons for judgment, resolved the contention in favor of plaintiff, stating as follows:

“Petitioner has proven by a preponderance of the evidence that he is still disabled by having back pain at this time and that his physical problems are attributable to the work related accident in question. Procedural rules are construed liberally in favor of workmen’s compensation claimants; however the burden of proof by a preponderance of the evidence is not relaxed. In this case the testimony as a whole shows that more probably than not an employment accident occurred and that it had a causal relationship to the plaintiffs disability. The plaintiff has carried the burden of persuasion. Also, the plaintiffs evidence shows a causative accident in fact occurred.

“Plaintiff was and remains disabled and his disability is attributable to an accidental lumbosacral sprain suffered on the job.

“Plaintiff is 53 years old and went to the 7th grade in school. He has no special skills except experience from his duties as a Psychiatric Aide. Plaintiffs prior job experience has been as a construction or farm laborer.

“Due to Venix Dupuy’s physical disability, age, lack of education and training, plaintiff is temporarily totally disabled and he should recover benefits during the period of his disability."

This court recognizes the appropriate standard of review of the trial court’s finding of fact to be as follows:

“On appellate review, the trial court’s factual findings of work-connected disability are entitled to great weight. They should not be disturbed where there is evidence before the trier of fact which, upon the latter’s reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s findings, unless clearly wrong. The reviewing court should not disturb reasonable evaluations of credibility and reasonable inferences of fact by the trial court, even though the reviewing court is of the opinion that other evaluations and inferences are as reasonable."

Crump v. Hartford Acc. & Indem. Co., 367 So.2d 300, 301 (La.1979).
Under the Louisiana workmen’s compensation scheme, an employee is entitled to benefits only if he is disabled as a result of a personal injury received in an accident arising out of and in the course of his employment. LSA-R.S. 23:1031. In suits to recover these benefits, the plaintiff/employee bears the burden of establishing the causal relationship between the disability and the employment accident by a reasonable preponderance, of the evidence. Prim v. City of Shreveport, 297 So.2d 421 (La.1974); Field v. Winn Dixie Louisiana, Inc., 427 So.2d 616 (La.App. 5th Cir.1983); Antilley v. Sentry Ins. Co., 426 So.2d 1370 (La.App. 3rd Cir.1983).
With these principles in mind we review the record in this regard.
Plaintiff was examined by Dr. Willard Dowell, an orthopedic surgeon, on two occasions, October 12, 1982, and March 4, 1983. On the first visit this physician found a lumbosacral sprain of the low back causing disability from performing his duties which involved heavy lifting. He found that, on the visit of March 4, 1983, no change had taken place. He also stated that his findings were consistent with the *780 occurrence of the job-related accident as being the most probable cause of the back injury and disability. It was this physician’s opinion that it was possible but not probable that the car accident contributed to the back syndrome. Dr. Dowell characterized the back sprain as moderate. He also was of the opinion that the small length disparity in plaintiffs legs, due to the car accident, was not enough to be a factor in plaintiff’s back problem.
Dr. Buerlot, the physician who treated plaintiff for his leg injury stated that, during the time that he treated plaintiff, he complained of back pain. His testimony in this regard was as follows:

“Q. During the course of your treatment of Mr. Dwpuy, did he ever complain to you ... about his back?

“A. Yes.

“Q. And, what were his complaints in that regard?

“A. Of back pain ...”
Dr. Dowell was impressed with plaintiff’s sincerity.
On approximately March 21, 1983, plaintiff was examined at the State’s request by Dr. Frazer Gaar, another orthopedic surgeon. Dr. Gaar diagnosed plaintiff’s injury as being a chronic lumbar sprain. He stated that plaintiff was totally disabled from returning to any work which required that he bend or stoop. Further, Dr. Gaar opined that the plaintiff, because of his back, could not perform even light duties, regardless of whether he was standing or sitting. However, Dr. Gaar was unable to distinguish whether the plaintiff’s back injury disability was caused by his job-related injury or by the subsequent car accident, but he did believe that the back injury had lingered because of the car accident.
Plaintiff testified that his back had not improved since his initial injury. He stated that his back hurt him continuously. Plaintiff testified that Dr. Michel, the first treating physician, prescribed medication for the back pain. Plaintiff was still taking this pain medicine at the time of trial.
Plaintiff admitted that he had received an earlier job-related injury to his back approximately one year prior to the incident in August 1981. He stated that the .earlier injury had left him with some residual pain but it had not prevented him from working.
As stated in the case of Kelly v. Violet Packing Co., 405 So.2d 542 (La.App. 4th Cir.1981), writ den., 409 So.2d 670 (La.1982):

“Aggravation of a claimant’s condition suffered in a subsequent accident is not, in itself, a reason to deny him compensation benefits to which he is otherwise entitled. Deville v. Townsend Bros. Construction Company, 28j So.2d 110 (3rd Cir.1973), writ denied 286 So.2d 367. To deny compensation benefits, the employer must show by a preponderance of the evidence that it was more probable than not that the subsequent accident was the cause in fact of the present injury."

The State has not presented sufficient evidence to establish that it was more probable than not that the plaintiff’s disability arose solely as a result of injuries received in the car accident. The evidence as a whole supports the lower court’s finding that the plaintiff met his burden of proof that his employment accident in August 1981 was causally linked to his total disability.
For these reasons, the judgment of the trial court is affirmed. Defendant-appellant is to pay costs of this appeal.
AFFIRMED.

. In his reasons for judgment the trial judge stated that the plaintiff was "temporarily totally disabled" and that "he should recover benefits during the period of his disability.” In the judgment, benefits were ordered payable to plaintiff from the time of the job related accident "throughout the entire period of his disability -” We interpret this as a judgment for payments due for a total permanent disability.

. The record indicates that two tapes of the trial proceedings were inaudible and not transcribed. The parties make no objections to proceeding without this portion of the proceedings. We find no need to remand as we have depositions of the doctors and the plaintiff. Also, we have written reasons by the trial court.

. Dr. Michel did not testify in this case.