KLEES, Judge.
Plaintiff appeals the dismissal of her worker’s compensation action against defendant. Plaintiff, Nina Hollars, instituted this proceeding to recover weekly compensation benefits and medical benefits from her employer, EMES Management Corporation. On appeal, plaintiff argues that the trial court erred in finding that plaintiff’s work environment was not causally connected to her medical condition.
Plaintiff, Nina Hollars, was employed by defendant, EMES Management Corporation, from May 1982 through November 1982 as a member of a renovation crew that was renovating the LeChateau Apartment complex in New Orleans, Louisiana. Plaintiff’s duties required her to use certain chemicals and cleaning type substances that emitted toxic and irritative fumes to clean the apartments that were being renovated. The chemicals would make plaintiff’s eyes and nose burn, throat get raw and gasp for air and cough.
From July 1982 through November 1982, the plaintiff developed four peritonsillar abscesses, a complication of tonsillitis. Plaintiff’s only other noted occurrence of tonsillitis was in March 1977. Ms. Hollars underwent a tonsillectomy in May 1983. Plaintiff was treated by several physicians during this period.
Dr. Kimble testified that a peritonsillar abscess is a type of upper respiratory infection which almost always is caused by transmission from one human to another.
Both physicians stated that plaintiff’s work environment (that is, an environment of dust and fumes) was not the proximate cause of her condition. However, both physicians agreed that such an environment could have an irritative effect on a person’s upper respiratory system, thus weakening the tonsils’ ability to fight off infection.
Under our worker’s compensation statute, the plaintiff-employee is entitled to benefits if he “... receives personal injury by accident arising out of and in the course of his employment ...” R.S. 23:1031.
The plaintiff-employee in a worker’s compensation case bears the burden of establishing the causal connection between the disability and the employment accident by a reasonable preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421, 422 (La.1974). Nevertheless, it is not necessary for the experts to determine the exact cause of the disability in order for the employee to recover. The complaint need show only by a preponderance of the evidence that the work accident caused the disability. Hammond v. Fidelity and Cas. Co. of New York, 419 So.2d *484 829, 831 (La.1982). Allor v. Belden Corp. 393 So.2d 1233, 1236 (La.1981); Lucas v. Insurance Company of North America, 342 So.2d 591, 595 (La.1977). “... Furthermore, medical testimony must be weighed in the light of other credible evidence of a nonmedical character, such as a sequence of symptoms or events in order to judicially determine probability ...,” Schouest v. J. Ray McDermott & Co., 411 So.2d 1042, 1044-45 (La.1982).
The fact that a condition is preexisting does not preclude recovery for the disabled employee; the employer takes the employee as he is, and the fact that the disease alone might have disabled the employee in its ordinary course of progress is not the inquiry. The employee’s disability is compensable if a preexisting disease or condition is activated or precipitated into disabling manifestations as a result of a work accident. Hammond, supra at 832; Allor, supra at 1236.
The lower court based its decision on the statements of Dr. Beatrous and Dr. Kimble that plaintiffs work environment was not the cause of plaintiff’s condition. However, both physicians did testify that plaintiff’s work environment may be a contributing factor to her condition.
In its reasons for judgment, the trial court stated: “Assuming that exposure to toxic fumes over a few month’s time may be considered an accident (cf Jarvis v. Fidelity & Cas. Co. of N.Y., 182 So.2d 747; (La.App. 1st Cir.1966), writ refused, 249 La. 63, 184 So.2d 734 (1966)), the medical evidence suggests only that the chemical agent may have played a minor contributory cause. It is more likely in view of plaintiff’s history, that the recurrence of the infection was co-incidental to her employment. Though the fumes could have irritated her throat, which condition may have predisposed her to reinfection, the strong probability is that the chemical exposure played no part in the disease process. Plaintiff’s proof falls short of a preponderance, and her action will be dismissed.”
We conclude as did the trial court that plaintiff did not meet her burden of proving by a preponderance of the evidence that her work environment contributed or caused her condition.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.