DUFRESNE, Judge.
This is a worker’s compensation action. Plaintiff, Tamara Cobb, sued her employer, Vickimatic Sales South, Inc. and its insurer, State Farm Insurance Company, seeking worker’s compensation benefits. Cobb claims that her disability resulted from an injury sustained while working during the course and scope of her employment. Cobb’s employer denies that a work related accident occurred, or alternatively that her physical complaints were not connected with her work. The trial court found that Cobb failed to carry her burden of proving causality. We agree and affirm.
Cobb worked for Yikimatic as a warehouseman for less than one month from October 28, 1987, until November 25, 1987. She alleges a work related injury to her back and neck on November 20, 1987. At the time of the alleged injury, Cobb was “scoping pipe”, which meant that she was placing plastic pipe into successively larger pieces of pipe, which required her to turn repetitively from side to side and up and down, in order to grasp the plastic conduit and move it into position.
Cobb alleges that this continuous repetitive turning of her head and torso did at some time the morning of November 20, 1987, either caused a disruption in her cervical and lumbar spine or aggravated a *1364 pre-existing condition which caused severe disabling headaches that afternoon, as well as, muscle spasms in her neck and lower back. Cobb alleges that her physical condition worsened over that weekend and on Monday, November 23, 1987, she visited a chiropractor, Dr. Kevin Handcock. Dr. Handcock treated her for three months, her physical condition progressively improved and she was discharged on February 26, 1988.
Vikimatic refused to pay workmen’s compensation benefits on alternative bases: (1) that a work related accident never occurred, or (2) that Cobb’s physical complaints were not connected with her work. As a result, Cobb filed a claim with the Louisiana Office of Worker’s Compensation Administration on December 7, 1987. The Director issued a recommendation on January 4, 1988, stating that Cobb’s claim for compensation benefits was not work related and therefore she was not entitled to receive any worker benefits.
Consequently, Cobb filed suit in district court, and after a trial, a judgment was rendered in favor of Vikimatic dismissing Cobb’s demands.
Cobb appeals the decision of the trial court and contends the court was clearly wrong in failing to award worker’s compensation benefits. The issue for our review is whether Cobb carried her burden of proof by a preponderance of the evidence that a work related accident occurred November 20,1987, which caused a temporary disability.
Cobb contends that she injured her neck and back at work on November 20, 1987; however, there is no evidence of any reported work related occurrence to her supervisor or other company employee. The trial court found the following as per its oral reasons for judgment:
“Although in Worker’s Compensation cases I must be liberal in evidentiary matters and evidentiary rulings, there still is a burden of proving by a preponderance of the evidence that an accident occurred and I simply do not believe that an accident or an injury occurred on November 20th.
I do believe she had headaches that day. I do believe it when she says she felt like her head was about to explode, but I can’t relate it to her job and I can’t relate it after considering her testimony, the fact that she never told anybody at work that she really hurt herself at work. She never told her boyfriend when she went home that night that she hurt herself at work. And for all of these reasons I find that she’s failed to carry the burden of proof in this Worker’s Compensation case ...”
Interestingly, during Cobb’s first visit with Dr. Handcock, she did not claim to have been injured at work, in fact there was some questioning before a conclusion that her symptoms occurred “probably at work”. The trial court concluded that Dr. Handcock made a “somewhat reluctant causation opinion”. And in this regard, we are assisted on appeal by the trial court’s oral reasons for judgment. These reasons describe the factors which persuaded the court to hold for the defendants. The trial court was presented with different (opposing) theories as to the cause of Cobb’s injuries, and thus had the opportunity to determine which one was more credible. The court determined that Cobb did not bear her burden of proving, by a preponderance of the evidence, a causal relationship between her temporary disability and her employment. The record reflects that the trial court considered all relevant testimony and committed no manifest error in refusing to award Cobb worker’s compensation benefits.
Cobb must prove the occurrence of a work-related accident by a preponderance of the evidence to prevail in a compensation proceeding Prim v. City of Shreveport, 297 So.2d 421 (La.1974).
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a rea *1365 sonable factual basis for the trial court’s findings, the appellate court will not disturb the findings in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
There are circumstances casting suspicion upon Cobb’s testimony of a work-related injury: (1) she did not tell any supervisor or co-worker about the accident during her employment, (2) she never exhibited any signs of injury, (3) she did not receive any medical treatment until sevtf^iedays after the alleged incident, (4) her tSfeting chiropractor had difficulty establishing a connection between her physical complaints and her employment and (5) other circumstances in the record casting suspicion on the reliability of Cobb’s testimony about her injury.
After reviewing the record, we are convinced that the trial court addressed and properly resolved the issues raised by Cobb. The role of an appellate court is to ascertain the correctness of the trial court’s judgment. We are prohibited from disturbing that judgment, unless we find that it is clearly wrong when making factual determinations. We are unable to say so in this case.
Accordingly, the judgment of the trial court denying Tamara Cobb’s demand for worker’s compensation benefits is affirmed.
AFFIRMED.