CANNELLA, Judge.
Plaintiff, Sharon Reichert Guggenheim, appeals from a judgment in favor of defendants, Jefferson Parish School Board (School Board) and Liberty Mutual Insurance Company (Liberty Mutual), dismissing her claim for worker’s compensation benefits. For the reasons which follow, we affirm.
Plaintiff was employed by the School Board as a school cafeteria worker at Greenlawn Terrace School located in Jefferson Parish, Louisiana. Her regular duties included lifting objects. On March 25, 1988, while lifting a heavy box of frozen meat, plaintiff severely injured her back. She worked in pain, and completed the school year. When she returned to work for the next year, in August of 1988, she could not perform her duties because of pain. She was referred to defendants’ physician, Dr. David W. Aiken, Jr. After x-rays, an MRI scan and a lumbar myelo-gram, he diagnosed a ruptured disc at L5-Sl. Dr. Aiken operated on plaintiff for the ruptured disc on September 21, 1988. Plaintiff continued treatment with Dr. Aiken until November 14, 1988 when she was released to “return to full work”. Liberty Mutual paid for all medical services *637 through that date, in addition to weekly compensation benefits for the full period of her absence from work, September 3, through November 13, 1988. Thereafter, plaintiff returned to work, contending that she worked in pain. In April of 1989 she again contacted Dr. Aiken complaining of pain. Dr. Aiken ordered x-rays but thought that there was no physical problem. Plaintiff contends that when she returned to work in August of 1989, she tried to perform her job, but the pain was so severe that she could not. Her last day of work was August 17, 1989.
Plaintiff filed suit against defendants for medical and weekly worker’s compensation benefits, contending that she is totally and permanently disabled. Defendants denied her claim.
After a bench trial on the merits, the trial judge rendered judgment in favor of defendants, holding that, although the court believed plaintiff was in pain, she “failed to carry her burden of proving disability that relates to the March 1988 employment injury.”
Plaintiff argues on appeal that the trial court erred in applying the wrong standard in deciding the case. Plaintiff cites Drod-dy v. Cliff’s Drilling, Inc., 471 So.2d 223 (La.1985) as providing the proper standard, as follows:
A plaintiff’s disability will be presumed to have resulted from an employment accident if the plaintiff was in good health before the accident, but commencing with the accident the symptoms of the disabling condition appear and manifest themselves continuously afterwards, provided that there is some reasonable possibility of a casual connection between the accident and the disabling condition.
Plaintiff argues that the Droddy presumption should apply here, relieving her of her burden of proof. Defendant argues that the trial court applied the proper standard, but, as a finding of fact, simply found that plaintiff had not proven that her present pain was caused by the 1988 incident.
As a threshold requirement, a worker in a compensation action must establish “personal injury by accident arising out of and in the course of his employment.” La.R.S. 23:1031. Louisiana courts have consistently, liberally interpreted the work-related accident requirement. Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992); Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989). It is well settled in Louisiana that an “accident” exists when “heavy lifting or other strenuous efforts, although usual and customary, cause or contribute to a physical breakdown or accelerate its occurrence because of a preexisting condition.” Bruno v. Harbert, supra.
Despite the liberal construction of the statute afforded the worker in a compensation action, the worker’s burden of proof is not relaxed. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). Rather, as in other civil actions, the plaintiff worker in a compensation action has the burden of establishing her claim by a preponderance of the evidence. Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991). The trial court’s determinations as to whether the worker has discharged her burden of proof is a factual determination, not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Bruno v. Harbert, supra.
Here, the trial court believed plaintiff’s allegations of pain, but found that she had failed to meet her burden of linking the pain to a work-related accident. In his reasons for judgment, the court found:
The plaintiff’s testimony as to her continued pain and its effect on her activities, both at work and at home, was generally corroborated by her husband, son and three co-workers who also testified.
* * * * * *
Despite the plaintiff’s continued reports of pain, the medical evidence submitted by both Dr. Aiken and Dr. Jarrott fails to link this pain to the March 1988 injury.
* * * * * *
*638 While this Court believes the plaintiff’s claim of recurrent neck and back pain, it finds that she has failed to carry her burden of proving a disability that relates to the March 1988 employment injury. All objective medical evidence establishes that the accident at issue resulted in a ruptured L5-S1 disc, but that after surgery there was no longer any nerve impingement or other indication of an impairment.
In reviewing the whole record, we find sufficient evidence to support the trial court’s findings. While plaintiff attributed her pain to the March 1988 incident, the medical evidence contradicted that finding. Dr. Aiken, who performed the surgery, found her fully recovered in November 1988 and released her to return to work. At that time, she reported that her back and leg were pain free. She went back to work and did not again see Dr. Aiken until April of 1989. The symptoms of her disabling condition have not manifested themselves continuously since the accident. When she returned to him in April of 1989 with complaints of pain, he had x-rays taken and found no physical cause in the area on which he had operated. Dr. Jarrott reviewed an MRI conducted in May of 1989 and found an “excellent post surgical appearance.” We do not find that the trial court was clearly wrong or manifestly erroneous in its determination that plaintiff failed to carry her burden of proving that her disability relates to the March 1988 accident.
Accordingly, we affirm the judgment of the district court in favor of defendants, dismissing plaintiff’s case. Each party shall bear its own costs of appeal.
AFFIRMED.