649 So.2d 117 (1995)
Robert E. CUBLEY, Jr., Plaintiff-Appellant,
v.
STEEL FORGINGS, INC. and Wausau Insurance Company, Defendant-Appellee.
No. 26507-CA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1995.
*118 Law Offices of Jack M. Bailey, Jr. by William K. Adams, and Jack M. Bailey, Jr., Shreveport, for appellant.
Mayer, Smith & Roberts by Ben Marshall, Jr., Shreveport, for appellee.
Before LINDSAY and WILLIAMS, JJ., and CULPEPPER, J. Pro Tem.
WILLIAMS, Judge.
The plaintiff, Robert E. Cubley, Jr., appeals a trial court judgment dismissing his claim for worker's compensation benefits. The trial court found the plaintiff failed to prove by the preponderance of the evidence that a work-related accident occurred on March 18, 1985. After reviewing the record and applicable law, we affirm.

FACTS
The plaintiff was employed by Steel Forgings as a heavy laborer. His duties included maintenance work and building "T's".[1] The plaintiff claims that on March 18, 1985, while he was performing his work duties, a hose blew off of the hydraulic jack he was using, causing him to fall and injure his knee. He alleges he reported the accident to his supervisor, Earl Cubley, who is also his father. Both the plaintiff and his father testified that they reported the injury to Anthony Toms, the superintendent. Toms did not testify because he died before trial. Steel Forgings contends the plaintiff was not involved in a work-related accident on March 18, 1985.
On April 9, 1985, the plaintiff sought medical treatment for swelling of his left leg. Between the dates of April 21 and April 26, 1985, he was hospitalized for treatment of *119 phlebitis of the left leg. Subsequently, he attempted to return to work. However, in November 1985, Steel Forgings terminated the plaintiff's employment because he could no longer meet the physical requirements of the job.
The plaintiff filed suit for worker's compensation benefits against Steel Forgings and its worker's compensation insurer, Wausau Insurance Company. Following trial, the trial court found the evidence was not sufficient to prove the plaintiff suffered a compensable work-related injury. The trial court rejected the plaintiff's claims and dismissed the suit with prejudice. The plaintiff appeals.

DISCUSSION
The plaintiff argues the trial court erred in finding that he failed to prove that he suffered a compensable accident on March 18, 1985.
In order to recover in a worker's compensation action, the employee must establish that his injury was caused by an accident that arose out of and in the course of his employment. LSA-R.S. 23:1031. At the time of the alleged accident, LSA-R.S. 23:1021(1) defined accident as "an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury."
Although the worker's compensation statute is construed liberally in favor of the claimant, the claimant must prove the occurrence of a work-related accident by a preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). The testimony as a whole must show that more probable than not an employment accident occurred and that it had a causal relation to the disability. Prim, supra.
The trial court's determination as to whether the claimant's testimony is credible and whether he has discharged his burden of proof are factual determinations that should not be disturbed on review unless manifestly erroneous or clearly wrong. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992); Gonzales v. Babco Farm, Inc., 535 So.2d 822 (La.App.2d Cir.), writ denied, 536 So.2d 1200 (La.1988). When a factfinder's determination is based on its decision to credit the testimony of one or more witnesses, that finding can virtually never be clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently. Rosell, supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In applying the manifestly erroneous standard, the appellate court's initial review function is not to decide factual issues de novo. Rosell, supra. The trial court's factual findings are accorded great deference. Virgil v. American Guarantee and Liberty Ins. Co., 507 So.2d 825 (La.1987). In the present case, the record reveals inconsistencies in the testimony that affected the credibility of the claimant and his witnesses. At trial, the plaintiff testified his father witnessed the accident; yet, in his pre-trial deposition, the plaintiff stated his father arrived on the scene after the accident. Although the plaintiff's trial testimony regarding the March 18, 1985 accident is generally supported by that of his father, the trial court noted that the plaintiff's father testified during his pre-trial deposition that he thought his son injured his right knee, but at trial he testified he saw his son injure his left knee.
Additionally, during his pre-trial deposition, the plaintiff testified Ross Burke, a Steel Forgings employee, was present on March 18, 1985, when the accident occurred; yet, at trial, the plaintiff stated Burke was retired at the time of the accident and was not present. Also, both the plaintiff and his father testified Haywood Smith, another Steel Forgings employee, was working with them when the accident occurred. However, Smith denied witnessing the plaintiff injure his knee on March 18, 1985, or on any other date.
More importantly, during the plaintiff's pre-trial deposition, he testified that he injured only his arm in the March 18, 1985 accident and that he had not suffered a knee injury since 1983.
*120 In assessing witness credibility, the trial court, no doubt, noted internal inconsistencies within the plaintiff's testimony and inconsistencies between the plaintiff's testimony, his father's testimony, and the testimony of the plaintiff's other witnesses. Although the plaintiff's counsel urges the inconsistency was merely confusion associated with the difficulty of keeping track of the plaintiff's numerous accidents,[2] the trial court, nevertheless, did not find the plaintiff's testimony credible. We cannot say the trial court, which had the opportunity to observe and hear the witnesses, was clearly wrong in discrediting the testimony of the plaintiff and his witnesses. Rosell, supra.
The instant record also contains objective evidence which casts serious doubt on the plaintiff's claim. As noted by the trial court, the plaintiff's treating physician, Dr. Thomas A. Edwards, assessed the plaintiff the same disability rating in September, 1985, after the alleged accident, as he assessed in January, 1985, prior to the alleged accident30% permanent disability with regard to the right knee and 10% permanent disability with regard to the left knee. Additionally, none of the medical records admitted into evidence contain any reference to the plaintiff having had an accident or left knee injury on March 18, 1985. Furthermore, evidence presented at trial established that Anthony Toms routinely caused a log to be kept of employees' complaints of injury; however, there is no report of a March 18, 1985 injury to the plaintiff in the superintendent's log or any of Steel Forgings' records.
The plaintiff also contends his pre-existing knee condition combined with the March 18, 1985 accident support his claim for recovery. He also argues his strenuous labor on a hard surface coupled with the March 18, 1985 accident caused his disability and, therefore, he is entitled to recover under the developing injury theory. While pre-existing conditions are not a bar to recovery, where a pre-existing condition is alleged to have been aggravated by an on-the-job accident to the point of disability, the claimant must show by a preponderance of evidence that the work-related accident contributed to the disability. Lavergne v. Lake Charles Memorial Hospital, 92-1435 (La.App. 3d Cir. 10/06/93), 625 So.2d 1098, writ denied, 93-2756 (La. 01/07/94), 631 So.2d 451; Fontenot v. Citgo Petroleum Corp., 529 So.2d 69 (La. App. 3d Cir.1988). In the instant case, as discussed above, the plaintiff failed to meet his burden of proving that a work-related accident occurred on March 18, 1985; therefore, these arguments must fail.
Accordingly, we do not find that the trial court's decision was manifestly erroneous. The record does not show it more probable than not that a work-related accident occurred on March 18, 1985 which had a causal relation to the disability the plaintiff claims. Therefore, we affirm the decision of the trial court finding the plaintiff did not meet his burden of proving that he suffered a work-related accident on March 18, 1985 which caused his disability.
For the above stated reasons, the decision of the trial court rejecting the worker's compensation claim of the plaintiff, Robert S. Cubley, Jr., is affirmed, at his cost.
AFFIRMED.
NOTES
[1] According to the testimony presented at trial, the term "T's", as it is used in the oil-field industry, refers to a branch line off of a main pipe.
[2] The record indicates the plaintiff had several accidents while working for Steel Forgings. In particular, he sustained injuries to his knees and underwent surgery as a result of an on-the-job accident in March, 1980, and underwent additional surgery in 1983. The plaintiff settled with his employer for these two injuries in 1987.