11 WILLIAMS, J.
In this workers’ compensation case, the employer, Garcia Construction Company, appeals a judgment of the Office of Workers’ Compensation awarding the claimant, Jesse Lee Morgan, workers’ compensation benefits. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The claimant, Jesse Lee Morgan (“Morgan”), was employed as a carpenter supervisor with the defendant, Garcia Construction Company (“Garcia”). Morgan had been employed with Garcia since 1981. In July, 1999, Morgan sustained an injury to his left knee when he fell into a plumber’s ditch while building a house. He continued to work. Although Morgan did not report the accident to Garcia, he testified at trial that some of his co-workers were aware that he had injured his knee.
On October 11, 1999, Morgan sought medical treatment for pain and swelling in the left knee. While he was at work on October 18, 1999, Morgan missed a step on a ladder and injured his left knee again. Morgan’s wife, Laura Morgan, testified that when he came home that evening, he could barely walk, the left knee was swollen and he was experiencing a great deal of pain. She also testified that he was unable to sleep that night because of the knee pain.
Morgan reported his left knee injury to Garcia the following morning. James Garcia, the owner of the company, contacted Dr. Clifton Salmon, a family practitioner. Dr. Salmon had treated Morgan on previous occasions.[1] | ¡After Dr. Salmon was contacted and given a description of the accident and Morgan’s symptoms, he immediately referred Morgan to Dr. Edward Anglin, an orthopedic surgeon.
Dr. Anglin began treating Morgan on October 20, 1999. He evaluated both of Morgan’s knees because Morgan complained of pain in both knees. X-rays revealed degenerative arthritis of both knees. On November 4, 1999, Dr. Anglin performed arthroscopic surgery on Morgan’s knees and thereafter he continued his follow-up treatment. On January 6, 2000, Dr. Anglin released Morgan to return to work with instructions to limit climbing and avoid heavy lifting. Morgan had not worked since reporting the accident on October 19,1999.
Morgan returned to work on January 6, 2000, but he was only able to work for a few hours. On March 22, 2000, Morgan filed a claim for workers’ compensation benefits. In June 2000, Morgan underwent a total knee replacement of the left knee. He is presently receiving Social Security benefits.
The matter was tried before the workers’ compensation judge (“WCJ”) on April 4, 2001. Morgan and his wife were the only witnesses to testify on his behalf. At trial, Morgan informed the WCJ that in July, 1999 he fell into a plumber’s ditch and twisted his left knee. He also testified that on October 18, 1999, he missed a step on a ladder and twisted the left knee again.
The WCJ awarded Morgan temporary total disability benefits at the rate of *1122 $324.66 per week from October 18, 1999 through January 6, 2000, |sand from June 4, 2000 until such time that Morgan’s medical condition warranted a termination or reduction of his benefits. The WCJ also ordered that Morgan receive vocational rehabilitation and Garcia pay for all medical expenses related to Morgan’s left knee injury, as well as any additional physical therapy recommended by Morgan’s physician. Garcia was awarded an offset of $1,037 based on Morgan’s receipt of Social Security disability benefits. Garcia appeals.
DISCUSSION
Garcia contends the WCJ was manifestly erroneous in finding that there was a compensable accident. It argues that there was no proof of an accident because there were no witnesses who could corroborate Morgan’s claim. Garcia specifically argues that Morgan did not call any of his co-workers or other representatives of his employer to testify.
In workers’ compensation cases, an injured worker must prove, by a preponderance of the evidence, that his disability was caused by a work-related accident. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). In Smith v. Riverwood Int'l & Travelers Ins. Co., 34,514 (La.App.2d Cir.7/11/01), 792 So.2d 863, (citing Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992)), this court stated: “It is well established that a worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident.”
|/There was no evidence presented at trial to discredit Morgan’s version of the accidents. Morgan testified that he was injured during the course and scope of his employment, he reported the accident to his employer, and his employer approved his request for medical treatment and referred him to a physician. He also testified about the pain he suffered as a result of the accident and the effect his injury had on his ability to continue working. Morgan further testified of his doctor’s visits and subsequent surgical procedures, including the arthroscopic surgery on both knees and the total left knee replacement.
Morgan’s wife corroborated his testimony of his physical symptoms after the accident. She testified that Morgan’s left knee was swollen and he was unable to walk or sleep because of the pain. She informed the court of Morgan’s numerous doctor’s visits, and stated that she had actually accompanied him on some of these visits.
At the close of the trial, the WCJ found that Morgan was a very credible witness. In her oral reasons for judgment, she stated:
Claimant made a very creditable witness and no evidence was presented to this Court to refute the allegations of an accident in July or August of 1999, nor on October 18th, 1999. This Court is convinced that something did happen in July or August of 1999, but the claimant continued working. And that is supported by the fact that he sought medical treatment on October 11th, 1999 and that his wife supported his contentions that he had continuous complaints after that period. The Court is also convinced that on October 18th 99, with the twisting injury that the claimant complained of, it brought him to the point of a disability.
An appellate court may not disturb a trial court’s evaluation of credibility *1123 and factual determinations unless the record reveals that the trial court’s decision is manifestly erroneous or clearly wrong. When findings of | Rfact are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier-of-faet’s conclusions because variations in demeanor and tone of voice bear heavily on the listener’s understanding and belief in what is said. Stobart v. State Dept. of Tramp. & Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
After a thorough review of the record, we find that the medical evidence presented was consistent with the testimony at trial. The medical reports admitted into evidence reveal that there was arthritis in Morgan’s left knee prior to the October 18 accident. Morgan had previously been treated for pain and swelling in his knees, and the medical records indicated degenerative changes in both knees. However, the pain after the October 18 accident was much more severe. The arthroscopic surgery performed on November 4, 1999 revealed that Morgan had also suffered a tear of the posterior horn of the medial meniscus in his left knee, an injury that was consistent with Morgan’s description of the October 18 accident. The WCJ concluded that despite the presence of degenerative disease in the left knee, Morgan did not become disabled until after the October 18 accident. We agree. Accordingly, we conclude that the WCJ was not clearly wrong in finding that Morgan suffered a work-related injury to his left knee on October 18, 1999, and is entitled to workers’ compensation benefits.
I ^CONCLUSION
For the foregoing reasons, the judgment of the WCJ is affirmed. Costs of this appeal are assessed to the appellant, Garcia Construction Company.
AFFIRMED.

. One of these previous visits to Dr. Salmon occurred after an on-the-job accident in 1997, which resulted in an injury to Morgan’s right knee. Any controversy concerning the right knee injury is not presently before the Court.