| .ELIZABETH A. PICKETT, Judge.

FACTS

Sharon Wong alleges she was injured on February 14, 2001, while in the course and scope of her employment with ConAgra Poultry Co. Ms. Wong alleges that as she was standing at her work station, cutting wings, she felt a sudden pain in her back that radiated down to her legs. She reported the pain to the night nurse, who gave her ibuprofen. At the time this occurred, she had a scheduled appointment with her family physician, Dr. John Harris. When she saw Dr. Harris on March 14, 2001, he determined she should not be working and referred her to an orthopedist.
*1278 ConAgra began paying workers’ compensation benefits and referred Ms. Wong to a second orthopedist, Dr. Karl Bilder-back. Dr. Bilderback restricted her work activity. ConAgra placed Ms. Wong in a light-duty position. Dr. Bilderback’s report did note that Ms. Wong denied any incident at work which caused the back pain. Upon receipt of Dr. Bilderback’s report, ConAgra’s claims administrator terminated benefits and Ms. Wong was laid off.
Ms. Wong filed a 1008 claiming an injury on March 14, 2001, while in the course and scope of her employment. ConAgra denied that Ms. Wong’s injury was work related.
A trial was held on April 17, 2002. The workers’ compensation judge denied Ms. Wong benefits and dismissed the claim. This appeal followed.

ASSIGNMENT OF ERROR

The appellant asserts one assignment of error:
In this unwitnessed accident workers’ compensation case, did defendant employer present sufficient evidence to cast serious doubt on the reliability of plaintiffs testimony.
| ?,DISCUSSION
In the instant case, the only evidence that Ms. Wong’s injury is work related is her own testimony. The supreme court discussed the issue of a worker’s testimony alone establishing an injury in Bruno v. Harbert International Inc., 593 So.2d 357, 360-61 (La.1992):
Louisiana courts consistently have interpreted the work-related accident requirement liberally. Williams v. Regional Transit Authority, 546 So.2d 150, 156 (La.1989).... Moreover, Louisiana courts view the question of whether there was an accident from the worker’s perspective. Williams, supra.
Despite the liberal construction of the statute afforded the worker in a compensation action, the worker’s burden of proof is not relaxed. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). Rather, as in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Id.; Nelson[ v. Roadway Express, Inc.], supra[, 588 So.2d 350 (La.(1991))]. A worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony, is corroborated by the circumstances following the alleged incident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers’ Compensation § 253 (2d Ed.1980). Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; Nelson, supra. Corroboration may also be provided by medical evidence. West, supra.
“In evaluating the evidence, the trier of fact should accept as true the uncon-tradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony.” West, 371 So.2d at 1147.
The workers’ compensation judge found that Ms. Wong did not meet her burden of proving by a preponderance of the evidence that there was a work-related accident. He based this finding on his determination that her testimony lacked credibility because of internal inconsistencies, her demeanor while testifying, and her [3execution of a union form wherein *1279 she stated the accident was not work related.
We note we find no inconsistencies in the substance of her testimony. The claimant did, however, execute a document stating the accident which caused her injury was not work related. A review of the record in its entirety further supports the ultimate finding of the workers’ compensation judge and we cannot find that he was clearly wrong or manifestly erroneous. Findings of fact by a workers’ compensation judge should not be set aside absent a finding of manifest error. Bruno, 593 So.2d 357; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Because the evidence supports the workers’ compensation judge’s ultimate finding, we affirm the judgment. Costs of the appeal are assessed to the appellant.
AFFIRMED.
AMY, J., concurs in the result.