# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1445

DANA GARY

VERSUS

ST. LANDRY SECURITY GUARD
SERVICES, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 09-05451
HONORABLE SHARON MOROW,
WORKERS' COMPENSATION JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

H. Douglas Hunter, Attorney at Law
P. O. Drawer 1329
Opelousas, LA 71571-1329
(337) 948-3201
COUNSEL FOR DEFENDANT-APPELLEE:
    St. Landry Security Guard Services, Inc.

Michael B. Miller, Attorney at Law
Jacqueline B. Manecke
P. O. Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF-APPELLANT:
    Dana Gary

**PAINTER, Judge.**

Claimant, Dana Gary, appeals the judgment of the Office of Workers' Compensation dismissing his claim based upon the finding that he did not prove that he suffered a work-related accident or injury. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Dana Gary, age 64, was employed as a night watchman by St. Landry Security Guard Services, Inc. and had been so employed for about eight months at the time of the alleged incident. He was assigned to work at Acadiana Medical Center. There was a station where he sat, and he was required to periodically make rounds through the hospital. Gary had pre-existing neck and back conditions as well as other major medical conditions, which were known by his employer.

Gary contends that he was injured during the course and scope of his employment on October 11, 2008, while assisting Huey Reviere, an employee of Frey Holding Corporation, which provided laundry services to the hospital. Gary alleges that he was pulling a laundry basket when Reviere pushed another laundry basket into his basket and caused him to be pushed into a wall and re-injure his neck and back. The baskets weighed between two hundred and four hundred pounds each.

Following a trial, the Workers' Compensation Judge (WCJ) dismissed Gary's claim finding that he had not met his burden of proving that he suffered a work-related accident or injury. Gary now appeals, asserting that the WCJ applied the wrong standard in determining whether or not there was an accident and that he was, in fact, injured in the course and scope of his employment. He also alleges the aggravation of his pre-existing neck and back conditions. Gary further asserts that the WCJ erred in not allowing Ms. Frey to testify at trial and in refusing to admit two pages of the adjuster's log into evidence. Finally, Gary asserts that he is entitled to penalties, attorney's fees, expenses, and interest. For the reasons that follow, we affirm the WCJ's ruling.

DISCUSSION

In *Bruno v. Harbert Int'l. Inc.*, 593 So.2d 357, 360-61 (La.1992), the Louisiana

Supreme Court stated:

> As a threshold requirement, a worker in a compensation action must establish "personal injury by *accident* arising out of and in the course of his employment." LSA-R.S. 23:1031 (emphasis supplied).
>
> . . . .
>
> Despite the liberal construction of the statute afforded the worker in a compensation action, the worker's burden of proof is not relaxed. *Prim v. City of Shreveport*, 297 So.2d 421 (La.1974). Rather, as in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. *Id.*; *Nelson* [*v. Roadway Express, Inc.,* 588 So.2d 350 (La.1991).] A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers' Compensation, § 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; *Nelson, supra.* Corroboration may also be provided by medical evidence. *West, supra.*
>
> In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *West*, 371 So.2d at 1147; *Holiday v. Borden Chemical*, 508 So.2d 1381, 1383 (La.1987). The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. *Gonzales v. Babco Farms, Inc.*, 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied*, 536 So.2d 1200 (La.1988) (collecting cases). Indeed, the manifest error/clearly wrong standard of appellate review applies in compensation actions even when the trial court's decision is based solely upon written reports, records or depositions. *Virgil v. American Guarantee and Liability Insurance Co.*, 507 So.2d 825 (La.1987).
>
> Attempting to give meaning to the nebulous terms "clearly wrong" and "manifest error," we recently enunciated the following general principles that govern an appellate court's power to reverse a trial court's factual findings:
>
>> When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong

standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. <u>Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story</u>, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.

*Rosell v. Esco*, 549 So.2d 840, 844-45 (La.1989) (citations omitted and emphasis supplied).

The WCJ found that the subject accident was unwitnessed and applied the *Bruno* standard. Gary contends that this was the incorrect standard to use because the accident was witnessed by Riviere. Defendant contends that since Riviere denied having witnessed the accident, it was, in fact, an unwitnessed accident, and, therefore, the WCJ applied the correct standard. We agree with Defendant.

This court, in *Bell v. Our Lady of Lourdes Regional Medical Center*, 10-1554 (La.App. 3 Cir. 6/1/11), 68 So.3d 1174, found that where an alleged witness to an alleged accident denies having knowledge of such an occurrence, the alleged accident is considered to be unwitnessed.

In this case, Riviere unequivocally stated in his testimony that he never saw the injury, did not witness the injury, and did not cause the injury. He further testified that he did not know what happened to Gary but was aware of an allegation of injury. Accordingly, we find that the WCJ was correct in treating this as an unwitnessed accident. Moreover, we can find no error in the WCJ's application of the *Bruno* standard. The WCJ found that Gary tried to downplay his pre-existing conditions and that his evasiveness, his demeanor, his responses to questions, and the tenor of his responses cast serious doubt on his testimony as a whole. The WCJ found Gary not to be a credible witness.

Riviere also testified that he was certain that the cart that he was moving did not come into contact with the cart that Gary was pushing. The WCJ noted that it would have been very difficult for the accident to occur as Gary described. Further, Gary testified that he did not initially report the incident or go to the doctor because he thought it was just a little exacerbation that would go away. The WCJ found Riviere to be a credible witness, and we find no manifest error in that finding.

After a thorough review of the record, we agree with the WCJ that the first prong of *Bruno* was not satisfied by Gary because there was other evidence that discredited and cast serious doubt on his account of events. Riviere consistently denied having witnessed any injury. Gary's own testimony was found not to be credible. Thus, there was no manifest error in the WCJ's determination that Gary failed to meet his burden of proving that a work-related accident occurred.

The WCJ also made two alternative findings. First, the WCJ found that any alleged accident did not arise out of Gary's employment. Gary was assisting in moving laundry carts. This was not part of his duties as a night watchman. Second, the WCJ found that there was no exacerbation of Gary's neck problems. However, because we affirm the WCJ's finding that Gary failed to prove that an accident occurred, we need not address the WCJ's alternate findings or Gary's additional assignments of error.

**DECREE**

For all of the foregoing reasons, the WCJ's ruling dismissing Gary's claim is affirmed. All costs of this appeal are assessed to Plaintiff-Appellant, Dana Gary.

**AFFIRMED.**

4